Scott, judge,
delivered the opinion of the court.
McFarland and others -being commissioners under an act of the last *168 general assembly to survey and mark out a State road from Weston, in Platte county , to St. Joseph, in Buchanan county, made a report of' their proceedings to the county court of Platte county, and filed a report of their survey of the said road. This report for its alleged irregularity, was rejected by the court, and further- time was given to-the commissioners to make a report. On the coming on of this report certain objectors resisted it, and the court again refused to receive it. On this the commissioners sued out a writ of error from the circuit to1 the county court. The writ is directed to the justices of Platte county court. On the return of the writ, the cause is docketed as one-against the county court of Platte, and on the hearing of it, the judgment of the county court rejecting the report of the commissioners is: reversed, and a judgment for costs is rendered. On this judgment a writ of error was sued out from this court.
It is impossible to discover any principle on which the county court of Platte could have been made a party to the writ of error. The judgment of the circuit court itself shows the fruitlessness of the proceedings by writ of error; for after reversing the judgment of the county court, the parties are left just where they were before the writ was sued out, and the making of costs is the only effect of it.
When such consequences result from a procedure, it is obvious that it must be irregular. The action of the county court could in no sense ■ of the term be called a final judgment, such as will sustain a writ of error. The defects in the report or proceedings of the commissioners might have been obviated. A mandamus was obviously the proper proceeding to compel the county court to do its duty.
There being an error in the rendition of the judgment of the circuit court, and it appearing upon the record that it was unwarranted, by repeated decisions of this court, no motion was necessary in order to subject it to the revision of this court.
The other judges concurring, the judgment will be reversed.