STATE EX REL. HERMAN HORSTMAN, Appellant, v. COUNTY COURT OF GASCONADE COUNTY, Respondent.

Kansas City Court of Appeals, April 11, 1887.

1. ROAD OVERSEER—APPOINTMENT OF, BY COUNTY COURT—MANNER OF SELECTING.—Under the provisions of the statute (Laws of Mo.

1883, p. 159) relating to the appointment of road overseers, the right of the county court to make selection of some suitable person for this office, of *its own motion,* is to be exercised *only* where the designated ₁taxpayers *fail to act,* and present the name of such overseer. The language of the act is *mandatory,* that, where the majority of the taxpayers in the district *present* the name of an overseer, it is the *duty* of the court to appoint him.

2. —— FAILURE OF DUTY—REMEDY.—If the court, in such a case, fail in its duty, *mandamus,* if timely invoked, is the proper remedy to compel the court to act. But where an office is *actually filled* by an incumbent, exercising the functions of the office *de facto,* and under color of right, *mandamus* will not lie to compel the admission of another claimant, or to determine the disputed question of title. The claimant, in such case, must have recourse to the remedy of *quo warranto.*

APPEAL from Gasconade Circuit Court, HON. A. J. SEAY, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

LOUIS HOFFMAN, for the appellant.

I. Under the pleadings of this case the appellant was entitled to the peremptory writ, and the relief prayed for, for the reason that the county court had no discretion in the matter of appointment of road overseer, upon the presentation of the proper petition, as prescribed by section 11, on page 161, of the session acts of 1883, of "An Act Concerning Roads and Highways." The petition, and alternative writ, stated all requisite matter under said section, and respondent's return or demurrer admitted the same. Session Acts, 1883, sect. 11, p. 161.

II. A *mandamus* is the proper proceeding to compel a county court to do its duty respecting roads. *Platte County Court v. McFarland,* 12 Mo. 166.

E. M. CLARK and ROBERT WALKER, for the respondent.

I. *Mandamus* will not be issued unless there is

a clear and legal right to be enforced, and where there is no other specific and adequate legal remedy. High Extra. Leg. Rem. [1 Ed.] sect. 9, p. 11 ; *State ex rel. v. County Court of Howard County*, 39 Mo. 375 ; *State ex rel. v. McAuliffe*, 48 Mo. 112.

II. There is nothing like a clear and legal right to be enforced in the case at bar, inasmuch as it is the sworn duty of the county court of each county to appoint suitable persons as road overseers in their respective counties. The right of the majority of taxpayers in any road district, to petition for the appointment of any resident taxpayer as overseer in their district, *does not divest* the county court of the *discretionary* power necessarily lodged in them to make a suitable appointment. Laws 1883, sect. 11, p. 161.

III. *Mandamus* will never be granted in cases where, if issued, it would *prove unavailing*. High on Extra. Leg. Rem., sect. 14, p. 15 ; *State ex rel. v. Rodman*, 43 Mo. 256 ; *State ex rel. v. Draper*, 50 Mo. 24.

IV. *Mandamus* may be issued to restore a person to an office to which he is entitled. But it cannot be issued when the office is *already filled* by a person holding by *color of right*. In such a case, *quo warranto* is the proper remedy. *St. Louis County Court v. Sparks*, 10 Mo. 118 ; *State ex rel. v. Rodman*, 43 Mo. 256 ; *State ex rel. v. Moseley*, 34 Mo. 375 ; *Winston v. Moseley*, 35 Mo. 146 ; *State ex rel. v. Thompson*, 36 Mo. 70.

PHILIPS, P. J.—This is a proceeding by *mandamus*, against the justices of the county court of Gasconade county. The petition states, substantially, that prior to February, 1886, the said county court had divided said county into convenient road districts, of which district number 13 was one ; that relator was a resident taxpayer of said district ; that a majority of the taxpayers of said district presented to said court, at said February term, their petition, in due form, praying for the appointment, in said district, of the relator as road overseer ;

that the court, unmindful of its duty, and in disregard of the law and the rights of the relator, then and there refused to grant said petition, and to appoint said relator such overseer, but, on the contrary, did, at such term, appoint William Moore to said office, etc.   To the alternative writ, issued thereon by the circuit court, the respondent made return, stating that the county court, in the exercise of a discretion claimed for it, had refused to make the appointment of relator, and had, in fact, selected and appointed, as a suitable person, to such office, at its said February term, 1886, said William Moore, who, immediately thereafter, duly qualified as such overseer, entered upon, and so continued in the performance of the duties of such office, etc.   No reply was made to this return.   On this state of the pleadings the court refused to make the said writ peremptory, but dissolved the temporary writ.   Relator has appealed.

I.   Section 11, of the act of 1883 (Laws, 1883, p. 159), under which this case arose, requires the several county courts to divide their counties into convenient road districts, and, at the February term of the court, in each year, to "appoint a suitable person in each road district to act as road overseer for the next ensuing year, provided, however, that a majority of the taxpayers of any road district shall have the right to petition the county court, in writing, for the appointment of any taxpayer residing in such district, on or before the February term of the court, and, upon such petition being presented to the court, it shall be the duty of the court to appoint such person overseer of such district."

We take it to be quite clear, from the statute, that the right of the county court to make the selection of some suitable person for this office, of its own motion, is to be exercised only where the designated taxpayers fail to act, and present the name of such overseer.   The language of the statute is mandatory, that, where the majority of the taxpayers so present the name of an

overseer, resident in the district, "it *shall* be the duty of the court to appoint such person overseer of such district."

The legislature assumed that the taxpayers of the road district would be most concerned and interested in the matter of good roads, and the greatest possible good to inure to the public by the proper application of the fund and work for the improvement of the highways; and, therefore, it gave to the taxpayers the privilege of selecting the overseer, and made it mandatory on the court to appoint the person so petitioned for. This right having been exercised pursuant to the statute, by the taxpayers, the court had no discretion left it in the matter of such selection.

II. Failing in its duty in this respect, *mandamus*, if timely invoked, was the proper remedy to compel the court to act. *Platte County Court v. McFarland*, 12 Mo. 166; High on Extr. Leg. Rem. [2 Ed.] sect. 32.

III. It appears, however, from the admitted facts in the pleadings, that the county court, at the proper term, did appoint another person to this office, who entered upon the performance of its duties, and was so acting at the time of the institution of this action.

This appointee was, consequently, the overseer *de facto* of this district. The term of the county court, at which it is authorized by statute to make such appointment, had passed when this writ was asked for. The overseer appointed was in office performing its duties, and had so been for nine months, when this cause came on for hearing.

It is the well settled law generally, and of this state especially, that, "where an office is actually filled by an incumbent, exercising the functions of the office *de facto*, and under color of right, mandamus will not lie to compel the admission of another claimant, or to determine the disputed question of title." The claimant, in such case, must have recourse to the remedy of *quo warranto*. High Extr. Leg. Rem. [2 Ed.] sect. 49;

*St. Louis County Court v. Sparks*, 10 Mo. 118 ; *State ex rel. v. Rodman*, 43 Mo. 256 : *State ex rel. v. Moseley*, 34 Mo. 375.

It follows that the judgment of the circuit court must be affirmed.   All concur.