THE STATE *ex rel.* J. H. BARTLE *et al.*, Plaintiffs in Error, v. M. A. COLEMAN *et al.*, Defendants in Error.

St. Louis Court of Appeals, January 22, 1889.

1. **Jurisdiction, Appellate :** MANDAMUS. A proceeding by *mandamus* against the justices of a county court to compel the repairing of a public bridge is not a proceeding in which a political subdivision of the state, or state officers, are parties to the litigation, so as to confer exclusive appellate jurisdiction on the supreme court.

2. **Bridge Repairing :** DISCRETIONARY ACT. The duty of repairing a public bridge is discretionary with the county court, and *mandamus* will not lie to compel the work, unless it clearly appear that the court has abused its discretion in refusing to have it done.

*Error to the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Seay & Webb*, for the plaintiffs in error.

Whenever a statute requires something to be done which is for the benefit of the public, or in which the public are interested, then it is mandatory, and the officer whose duty it is to perform the act has no discretion in the matter. See Sedg. Const. of Stat. and Const. Law [2 Ed.] 331, 375, and note ; Dill. Mun. Corp. [2 Ed.] sec. 62 and note 4 ; 4 Wallis, 435 ; 42 Mo. 171 ; 15 Am. Dec. 466, and note 467 ; Potter's Dwarris, 223. County courts are courts of special and limited jurisdiction, can only act in the manner pointed out by the

statutes, and are bound to perform such duties as are required of them by the statutes. See 54 Mo. 237 ; 61 Mo. 237 ; 26 Mo. 272 ; 48 Mo. 167 ; *Strahan v. County Court*, 65 Mo. 644 ; *State ex rel. v. School Directors*, 74 Mo. 21. The text-writers all agree that where a statute requires the doing of something which is for the benefit of the public, such as the repairing of bridges on public roads, that there is no discretion, but the officer whose duty it is to perform the act must do so in the way pointed out by the statute. Dill. Mun. Corp. [2 Ed.] secs. 579, 673, and note ; Angell on Highways, sec. 270 ; High's Extra. Leg. Rem. sec. 413 ; *People v. Supervisors*, 36 Cal. 595 ; *Howe v. Commissioners*, 47 Pa. St. 361 ; *St. Clair v. People*, 85 Ill. 269. The words, " whenever it is necessary," have reference to the condition of the bridge, and to that only, and by no strained construction can it be made to apply to the necessity for a bridge, as has been contended by counsel for respondent. The first proposition made by the respondent is that this court has no jurisdiction, because this is substantially an action against the county. There can be nothing in that proposition ; the action is to compel officers to do their duty as required by law, and while the remedy would go against any one holding the position, it does not go against the county. *State ex rel. v. County Court*, 25 Mo. App. 446.

*J. C. Kiskaddon*, and *Charles F. Gallankamp*, for the defendants in error.

The court of appeals has no jurisdiction of this case, for the following reasons : (1) Although nominally this proceeding is against the individuals composing the county court, it is substantially against the county. Sess. Acts, 1883, p. 215 ; Const. Mo. art. 6, sec. 12 ; High. Ex. Rem. sec. 337 ; (2) justices of the county court, in the exercise of their jurisdiction over roads and

bridges, are officers of the state and not of the county. *Rearden v. St. Louis Co.*, 36 Mo. 555; *Hamilton Co. v. Mighels*, 7 Ohio St. 109. The county court has sole jurisdiction to determine the question as to whether or not repairs on any bridge are "necessary," and decide what bridges shall be "maintained" at the expense of the county. R. S., 1879, secs. 4311, 4314, 4326; *Vitt v. Owens*, 42 Mo. 512; *State v. Supervisors*, 16 Wis. 613; *State v. Police Jury*, 22 La. An. 611; *State v. Washington Co.*, 2 Chand. (Wis.) 247; *State v. Henry Co.*, 31 Ohio St. 211; *Hitchcock v. Hampden Co.*, 131 Mass. 519; *State v. Freeholders*, 23 N. J. Law, 214; *Michigan City v. Roberts*, 34 Ind. 471; *State v. Morris*, 43 Iowa, 192; *St. Clair Co. v. People*, 85 Ill. 396; *Uniontown v. Veech*, 34 Pa. St. 293; *State v. Hill*, 1 Bent. (N. C.) 257; *Ruller v. State*, 38 Ohio St. 496; *People v. Hammond*, 74 N. Y. 443; *Howland v. Assessors*, 43 N. Y. 457; *Griffith v. Cochran*, 5 Binn. (Pa.) 87; *People v. Brennan*, 39 Barb. (N. Y.) 651; *Holliday v. Henderson*, 67 Ind. 103; *People v. Attorney-Gen.* 22 Barb. (N. Y.) 114; *People v. Attorney-Gen.*, 67 N. Y. 334, High Ex. Rem. secs. 42, 48, 417, 419, 423; *State v. Jersey City*, 7 Vroom (N. J.) 116; *State v. Hancock*, 6 Vroom (N. J.) 537; *State v. Woodruff*, 7 Vroom (N. J.) 94; *McCullough v. Maryland*, 4 Wheat. 316, 413; *Cameron v. Cameron*, 15 Wis. 1; *Little Rock v. Willis*, 27 Ark. 572; *Wheeler v. Chicago*, 24 Ill. 105; *Cason v. Cason*, 31 Miss. 578; *Warren v. Hart*, 6 Wis. 464; *Neal v. Burrows*, 34 Ark. 491; *Edwards v. Hall*, 30 Ark. 31; *Railroad v. Hecht*, 5 Otto, 168; *State v. Merten*, 14 Mo. 94; *Commissioners v. Westborough*, 3 Mass. 406; *Thorp v. Commissioners*, 9 Gray (Mass.) 57.

ROMBAUER, P. J., delivered the opinion of the court.

The relators, who are resident citizens of Franklin county, obtained an alternative writ of *mandamus*

against the defendants, who are the judges of the county court. The writ recites that there is a public bridge across the Meramec river in said county, on a public road leading from the town of St. Clair to the eastern boundary line of the county; that said bridge is in an unsafe condition and in need of repair; that the relators had petitioned the county court to repair said bridge, but it had declined and refused to do so, and declined to take any proceedings required by law to repair said bridge. The writ commanded the defendants to take such proceedings as the law requires touching the repair of public bridges, and repair the bridge or show cause, etc. The defendants made return to the writ admitting the character of the road and bridge as claimed, and that such bridge was out of repair. They further admitted that the relators had petitioned the court to repair the bridge, but averred that the court had taken action on such petition, and upon full consideration and investigation of the matter, found and decided that the bridge could not be repaired so as to. be made safe and substantial, and a new bridge could not be erected at said place in a safe and substantial manner owing to the difficulty of making safe approaches; that thereupon the court ordered that no further repairs be made on said bridge, but immediately proceeded towards the erection of another bridge across said Meramec river, at a site three miles from the old bridge, where a bridge could be erected and maintained with safety, and greater economy; that the new bridge thus about to be erected gives accommodation to the same section of the country as the old bridge did, and is connected by a system of roads with that section. The relators moved for a peremptory writ on the return, as not showing sufficient cause. This motion was overruled, whereupon the relators took issue on the return by reply, and the court, upon full hearing, denied a peremptory writ, and rendered judgment for costs in

favor of respondents.    The relators thereupon sued out this writ of error.

For the purpose of passing upon the questions of law arising upon the record, it is sufficient to state that the evidence adduced by the respondents fully substantiates the allegations of the return, and tends to show that the respondents, as county judges, acted discreetly and for the best interests of the county.    The sole question presented for our consideration is whether they are invested by law with any discretion in the premises, or whether the statute imposes upon them a duty to repair public bridges which they are bound to exercise, regardless of the expediency of the improvement; and whether such duty can be enforced by *mandamus*.

A preliminary question to be disposed of is whether the writ of error lies to this court or to the supreme court.    The defendants in error claim it lies to the supreme court.    (1) Because the proceeding, although nominally against individuals, is substantially one against the county; (2) because justices of the county court, in the exercise of their jurisdiction over roads, are state functionaries.    It is thus claimed that in one view a political subdivision of the state, and in another, state officers, are parties to the litigation.    Both these propositions have received a negative answer in *State ex rel. v. The St. Louis Board of Health*, 90 Mo. 169, and may be disposed of by a simple reference to that case. See also *State ex rel. v. Gasconade County Court*, 25 Mo. App. 446, which is to the same effect.

The substantial question in the case arises upon the construction which must be placed on the following section of the statute concerning bridges : Section 4326: "The county court shall, *whenever it is necessary*, without delay, make an appropriation to repair any public bridge in the county, and whenever any bridge shall be repaired, *the like preliminary steps shall be had as in case of building a bridge*, and the commissioners shall have the same powers, and proceed in like

manner, as the commissioner for building a bridge." The italics in the quotation are our own. The relators contend that the law leaves no discretion whatever in the county court. They maintain that the words *whenever it is necessary* are synonymous with the words *whenever it is out of repair ;* that therefore the case is governed by the principle, that whenever an imperative duty is imposed on public officers by law, its performance may be enforced by *mandamus*, as has been frequently decided in this state. *State ex rel. v. School Directors*, 74 Mo. 22 ; *State ex rel. v. Meyer*, 80 Mo. 601 ; *State ex rel. v. County Court of Gasconade*, *supra*, and has been decided by us in the recent case of *State ex rel. v. Baker*, 32 Mo. App. 98. To this view we cannot accede, as it seems opposed to the context of other sections of the law on the same subject. The words, "whenever it is necessary," certainly leave the necessity to be determined by some one. Were it otherwise, we would be compelled to hold that the county court can be forced to repair a bridge, when, owing to the physical facts of the case, such repair is wholly impracticable, as seems to be the case upon the facts developed at the hearing of the case at bar. We cannot hold that the legislature intended a result so totally opposed to the interests of the community, as long as the section admits with equal reason of another and more rational construction. The view we hold to be the correct one gains additional strength by two considerations. In the next succeeding section, referring to bridges to be kept in repair by contract, the words are, "if any public *bridge require repairing*," thus showing that the legislature used unequivocal terms in the proper case. On the other hand, the section under consideration requires that the like preliminary steps shall be had in cases of repairs as in cases of building bridges. One of such steps is a preliminary estimate or bid, upon the receipt of which the county court may or may not in its

discretion make an appropriation under section 4317 of the law. This being so, it is not evident how a *mandamus* to repair could aid the relators, since the appropriation for such repairs is left to the discretion of the county court. We must therefore conclude that the words "whenever it is necessary" invest the county court with a reasonable discretion to determine the necessity of the repair. Courts have gone to great length in controlling the discretion of municipal authorities, where they have exercised such discretion in a manner grossly oppressive. *Corrigan v. Gage*, 68 Mo. 541; *Halpin v. Campbell*, 71 Mo. 493. We need not decide whether or no, upon a proper case made, the discretion of the county court in failing to repair a public bridge might not be so unjust and oppressive as to call for its review by the courts having supervisory control. It is sufficient, for the purposes of this case, to decide that, finding the county court invested with *some* discretion, and seeing no evidence in the record that the discretion was abused, we are not warranted to disturb the judgment denying the peremptory writ.

Judgment affirmed. All concur.