THE STATE ex rel. BAKER v. FRAKER et al.,
Justices of County Court, Plaintiffs in Error.

Division Two, December 17, 1901.

1. **Mandamus:** COUNTY COURT: BILL OF COSTS: WARRANT. Where the justices of a county court have refused to cause a warrant to be drawn to pay a bill of costs taxed against the county, mandamus is a proper proceeding to compel the issuance of such warrant.

2. ———: ———: ———: PETITION. Where, in mandamus to compel the justices of a county court to issue a warrant to pay certain bills of costs, the petition alleges that such bills have been duly examined, approved, signed, and certified by the judge of the circuit court, and by the prosecuting attorney, the correctness of such bills is thereby shown, at least prima facie.

3. ———: ———: ———: ASSIGNMENT OF FEES: JUDGMENT: NO BILL OF EXCEPTIONS: APPELLATE COURT'S PRESUMPTION. Where a petition for mandamus alleges that the fees in certain bills of cost were duly assigned to relator, and the judgment recites that the court found the issues for relator, and no bill of exception was preserved, the appellate court should presume that the findings were on sufficient evidence.

4. ——: ——: ——: BILLS, BY WHOM PRESENTED. Where a petition for mandamus to compel the issuance of a warrant to pay certain bills against a county alleges that the bills were duly presented to the county court, it need not be alleged that they were presented by the clerk, as the statute does not require that he shall present bills to the court.

5. ——: ——: ——: OTHER PARTY INTERESTED: NO DEFENSE. In mandamus to compel the issuance of a warrant to pay a bill of costs taxed against a county, the fact that a person other than relator had a fee in the bill is not a defense.

6. ——: PARTIES: INDEPENDENT INTERESTS. Persons whose interests are separate and independent can not be joined as relators in mandamus.·

7. ——: PETITION: STATEMENT OF FACTS: APPELLATE PRACTICE. Though the point that a petition for mandamus states no facts entitling relator to the writ, may be raised for the first time in the appellate court, the point will not be sustained, unless the petition shows on its face that this contention is true.

Error to Schuyler Circuit Court.—*Hon. Nat. M. Shelton,*
Judge.

AFFIRMED.

*A. D. Morris, Ed. F. Payton* and *Fogle & Eason* for plaintiffs in error.

(1) A witness has no independent action for his costs. He has no control of his costs. He must look alone to the party who demands his services, or to the provisions of the statute. State ex rel. v. Oliver, 50 Mo. App. 217; State ex rel. v. Oliver, 116 Mo. 118; Beedle v. Meade, 81 Mo. 306; Murphy v. Smith, 86 Mo. 333; Hoover v. Railroad, 115 Mo. 77; McClannahan v. Smith, 76 Mo. 428. (2) Relator had an adequate and specific remedy at law to collect his fees. He can not, therefore, maintain this mandamus or equitable proceeding. High's Extr. Legal Rem. (1 Ed.), sec. 15, note 10, and sec. 16; Williams v. Cooper County, 27 Mo. 225; State ex rel. v. Seibert, 130 Mo. 202; Dunklin Co. v. Dunk-

lin Co. Ct., 23 Mo. 449; Adamson v. Lafayette Co. Ct., 41 Mo. 221; State v. McAuliff, 48 Mo. 112; State v. Lubke, 15 Mo. App. 152; State v. Newman, 91 Mo. 445; State v. Williams, 99 Mo. 291; King Wm. Co. Ct. Jus. v. Munday, 2 Leigh (Va.), 165; 2 Dill. on Mun. Cor. (4 Ed.), secs. 819 and 830, and notes. (3) Relator, by his demurrer admits all the facts stated in defendants' return. Dodson v. Lomax, 113 Mo. 555. (4) Relator's petition does not state facts sufficient to constitute a cause of action and respondents can now raise the point for the first time. Secs. 598 and 602, R. S. 1899; State ex rel. v. Hoyt, 123 Mo. 348; Childs v. Railroad, 117 Mo. 414.

*Higbee & Mills* for defendant in error.

(1) It stands confessed that the fee bills were duly certified and filed by the circuit clerk with the clerk of the county court, and no reason is found why they were not paid. Mandamus is the proper remedy where, as in this case, a county court fails or refuses to perform a ministerial duty. State ex rel. v. Heegan, 40 Mo. App. 650, and cases cited on 652. (2) The provisions of the practice act, authorizing persons having an interest in a controversy, to be made parties, have no application to proceedings in mandamus. State ex rel. v. Burkhardt, 59 Mo. 75. If Dr. Mitchell had a fifty-cent fee, it was a separate matter in which relator had no interest. "Persons having separate interests can not join as relators." 13 Ency. Pldg. and Prac., 646, n. 1; State ex rel. v. Bliss, 41 Mo. 254.

SHERWOOD, P. J.—A petition for a writ of mandamus was filed in the office of the clerk of the Schuyler Circuit Court asking that an alternative writ issue to the justices of the county court of that county, commanding them that they cause a warrant to issue, drawn on the proper fund for

the amount of $43, in favor of the clerk of said circuit court, (which amount had been taxed as costs against the county, and assigned to relator), or that they show cause, etc.

The petition which fulfilled the functions of an alternative writ, and operated as such (by being so treated), was the following:

"To the Hon. Nat. M. Shelton, Judge of the circuit court of Schuyler county, Mo.:

"Your petitioner, James L. Baker, respectfully shows that heretofore, to-wit on the twenty-ninth day of December, 1896, a bill of costs, duly certified by John McGoldrick, J. P., to the clerk of this court in a case theretofore lately pending before John McGoldrick, justice of the peace for Liberty township, in said county, wherein the State of Missouri was plaintiff against William Zugg on a charge of assault and battery preferred by Thos. W. Baird, then prosecuting for said county, was duly examined, approved, signed and certified by the Hon. Andrew Ellison the judge of this court, and by Thos. W. Baird, then prosecuting attorney for this county, taxing the costs in said cause against the county of Schuyler, in which bill of costs so taxed were the following items, to-wit: for witness fees, E. Zugg, witness fee, 90 cents, M. Zugg, witness fee, $2.10, Maggie Martin, $2.10, Ellis Martin, $2.10, J. M. Severson, $2.10, Lon Davis, $2.10, which items of costs were duly assigned to your petitioner, amounting to $11.40.

"That at the November term of this court for the year 1890, a bill of costs duly certified by John McGoldrick, J. P., to the clerk of this court in a case theretofore lately pending before Geo. W. Melvin, J. P., in and for said township of Liberty, in said county, wherein the State of Missouri was plaintiff, and W. H. H. Ayer, was defendant, on a charge of disturbing the peace preferred by Thos. W. Baird, then prosecuting attorney for said county, and duly taken on a change of venue to John McGoldrick, J. P., for said township, and

dismissed by said prosecuting attorney, was duly examined, approved, signed and certified by the Hon. Andrew Ellison and Thos. W. Baird prosecuting attorney of this county, duly taxing the costs in said cause against the county of Schuyler, in which bill of costs so taxed were the following items of costs, to-wit: for witness fees, Maggie Martin, $2.20, Ellis Martin, $4.40, Marilla Zugg, $2.20, Lon Davis, $4.40, which items of costs were duly assigned to your petitioner, amounting to $13.20.

"That on the first day of August 1896, a bill of costs duly certified by G. W. Melvin, J. P., to clerk of this court in a case lately pending before John McGoldrick, J. P., in and for Liberty township in said county, wherein the State of Missouri was plaintiff and Wm. Bradbury was defendant on a charge of unlawfully weighing coal, preferred by said Thos. W. Baird, prosecuting attorney for said county, and taken on change of venue to Geo. W. Melvin, J. P. of said township as aforesaid, and upon trial before a jury said Bradbury was found not guilty and discharged and costs taxed against Schuyler county, was duly examined, approved, signed and certified by the Hon. Andrew Ellison, then judge of this court, and by Thos. W. Baird, the prosecuting attorney of this county, duly taxing the costs in said cause against the county of Schuyler, in which bill of costs so taxed were the following items of costs for witness fees, to-wit: C. C. James, $1.50, E. Marvin, $1.50, Leo Mock, $1.50, N. C. Watkins, $3.00, Willis Watkins, $3.00, Clarence Mock, $1.50, which items of costs, amounting to $12, were duly assigned to your petitioner.

"That all of said fees were duly taxed in said several causes against the county of Schuyler, and all of said bills of costs were duly examined and certified by said circuit judge and prosecuting attorney and said items of costs were so duly taxed as proper items of costs and same taxed against said county of Schuyler in said cost bills and all of said items of

State ex rel. v. Fraker.

costs were duly assigned by said several witnesses to your petitioner; that said several bills of costs after being so certified were duly filed in the office of the clerk of the county court of Schuyler county, and that afterwards, on September 7, 1897, at a regular session of the county court of this county duly certified copies of said cost bills, so signed and certified as aforesaid, were duly presented to said county court and your petitioner duly showed to said county court that he was assignee of said items of costs as aforesaid, and demanded that a warrant be issued by said court upon the proper fund of said county in payment thereof; that there was then and there still is on hands in the treasury of said county ample funds to pay said items of costs, set apart and appropriated for that purpose, but notwithstanding it was the duty of said court to issue a warrant therefor as demanded by your petitioner, said court arbitrarily and without any lawful reason therefor refused so to do and still refuses so to do. And your petitioner shows that he is still the owner of said items of costs, and same are wholly unpaid.

"He further shows that the Hons. E. Fraker, William S. Morgan and Andrew Jackson are now the duly elected, qualified and acting justices of the county court of this county. He therefore prays that the writ of mandamus issue against the said E. Fraker, William S. Morgan and Andrew Jackson, justices of the county court of said county of Schuyler, commanding them that they forthwith cause a warrant to be drawn upon the proper fund of said county in favor of the clerk of this court in the sum of $43, the gross amount of the items of costs aforesaid so certified and taxed against said county of Schuyler, and assigned to your petitioner, or that they show cause to the honorable circuit court of Schuyler county at its May term to be begun and holden in the city of Lancaster, on the first day of May, next, why they have not done so.

"HIGBEE & MILLS, attorneys for plaintiff.

"James L. Baker, upon his oath says the facts stated in the foregoing petition are true as he verily believes.

"JAMES L. BAKER.

"Subscribed to and sworn to before me this thirtieth day of March, 1899. My term expires June 30, 1890.

(Seal)                              "EDWARD HIGBEE,

"Notary Public for Schuyler County, Missouri."

To this petition, treating it as such, was made the following return, omitting caption:

"Now comes the said E. Fraker, W. S. Morgan and Andrew Jackson, justices of the county court, and for return to the writ of mandamus heretofore issued in this case say that the plaintiff ought not to have his writ of peremptory mandamus, because they deny each and every allegation set forth in the said alternative writ.

"For further return to said alternative writ the said E. Fraker, W. S. Morgan and Andrew Jackson aver the facts to be that the petitioner, James L. Baker, is not the sole party in interest or the owner thereof of the bills of cost alleged in his petition. And they further allege as co-owners of said bills of cost that Dr. W. F. Mitchell has a joint interest in the judgment to the amount of fifty cents which has been duly certified by Hon. Andrew Ellison, judge of the second judicial circuit, and Thos. W. Baird, prosecuting attorney within and for Schuyler county, in the case of State of Missouri, plaintiff against William Zugg, defendant, and that there are also a number of others who have and own a joint interest in the said bills of cost and judgment.

"Therefore, the said E. Fraker, W. S. Morgan and Andrew Jackson as justices aforesaid aver that Dr. W. F. Mitchell et al. are necessary parties to the final determination of this cause. Wherefore, they pray that the petition of the

said James L. Baker be dismissed and that they be finally discharged.

"E. FRAKER, W. S. MORGAN and ANDREW JACKSON.

"By their attorneys, Morris, Payton and Fogle."

To this return relator filed his demurrer, as follows:

"State ex rel. J. L. Baker.

        vs.

Fraker et al.

### "DEMURRER TO RETURN.

"Relator demurs to return of respondents for that it is insufficient and does not state facts sufficient to constitute a defense to the alternative writ.

                    "HIGBEE & MILLS,

                        "Attorneys for relator."

What was done with this demurrer does not appear. Perhaps, however, the return was adjudged sufficient, because the record recites:

"Thereupon on the twenty-second day of June, May adjourned term, 1899, defendants in said cause filed their return to alternative writ of mandamus.   See return hereto attached. And thereupon relator filed his demurrer to defendants' return.   See demurrer hereto attached.   Thereupon the whole matter was submitted to the court for trial.   Finding for plaintiff according to petition and peremptory writ of mandamus ordered.

"Thereupon the judgment for relator was entered, see copy of same hereto attached."

And the judgment referred to in the entry just quoted, is the following:

"The State of Missouri at the relation of James L. Baker,
Plaintiff.

vs.

E. Fraker, William S. Morgan and Andrew Jackson, Justices
of the county court of Schuyler county, Missouri, De-
fendants.

JUDGMENT OF PEREMPTORY MANDAMUS.

"And now on this twenty-third day of June, 1899, comes
the said relator, by his attorneys, Higbee & Mills, and the de-
fendants by their attorneys, A. D. Morris, prosecuting attor-
ney for Schuyler county, and Fogle & Eason and Ed. F. Pay-
ton, * and thereupon the return of the said defendants to the
writ of alternative mandamus heretofore issued, and the pleas
and travers of the said relator to said return are submitted
to the court for trial, and the court having heard the evidence
doth find the issues for the relator, and that the defendants
have not shown any just cause why a peremptory writ of
mandamus should not issue to the said defendants, justices of
the county court of Schuyler County Court as prayed by said
relator, and that the said defendants have made a false return
to the said writ. *   Whereupon it is adjudged and considered
by the court that a writ of peremptory mandamus be issued
to the said defendants as justices of the said county court
directing said court to draw its warrant in favor of the cir-
cuit clerk of said county upon the treasurer of said county
to pay the several items of costs mentioned in the peti-
tion in this cause, to-wit: the following witness fees: E. Zugg,
90 cents, M. Zugg, $2.10, Maggie Martin, $2.10, Ellis Mar-
tin, $2.10, J. M. Severson, $2.10, Lon Davis, $2.10, taxed
in the fee bill in the State of Missouri v. William Zugg, in
all $11.40, and assigned to said relator.   Also following wit-
ness fees taxed in fee bill in the State of Missouri v. William
Bradbury, as follows, to-wit:   C. C. James, $1.50, N. C.

Watkins, $3.00, Willis Watkins, $3.00, E. Marvin, $1.50, Leo Mock, $1.50, Clarence Mock, $1.50, in all $12, and all assigned to relator. Also the following witness fees taxed in the fee bill in the State of Missouri v. W. H. H. Ayer, to-wit: Maggie Martin, $2.20, Ellis Martin, $4.40, Marilla Zugg, $2.20, Lon Davis, $4.40, in all $13.20, and assigned to relator, the gross amount of said fees being $36.60, and that said warrants be drawn upon the appropriate fund of said county set apart for that purpose. And it is further adjudged that relator recover of and from the said defendants the costs of this action laid out and expended and have thereof execution."

This judgment is not copied either in form, purport or substance on page 9 of the abstract of plaintiffs in error. And strange to say, plaintiffs in error *deny* that the judgment copied on pages 3 and 4 of relator's additional abstract is correctly copied; and in a special paper filed for that purpose in this court, plaintiffs in error say: *"There is absolutely no such record in this cause whatever. There never was any such judgment rendered in said cause.* Plaintiffs in error set out the true and correct judgment as was rendered in this cause, which is found on page 9 of their abstract of record."

On this point, it suffices to say that the judgment as heretofore copied, *is copied directly from the record of plaintiffs in error, which they have brought up to this court,* and that the additional abstract of the record of defendants in error, *exactly corresponds with the record of that judgment,* with the exception of *one* word.

On page 9, just referred to, and on the two pages next thereafter following, plaintiffs in error have made recitals of what, they say, appeared in the execution issued on such judgment, which execution is not contained in this record and therefore can not be noticed, or if it were noticed, would not have a thing in the world to do with this case.

The record in this cause, as before stated, not showing

what disposition was made of the demurrer to the return, causes some embarrassment. When a demurrer is filed to a pleading, it is usually considered *en refle,* to dispose of the issue of law thus raised before proceeding to the trial of the cause on its merits. It may be the demurrer was withdrawn, and nothing said about it in the record. We shall treat it in this way, especially, so, as the judgment contains a special recital, to be presently copied, concerning the return "and the *ples* and *travers* (sic), of the said relator to said return."

We find no difficulty in treating the petition (regarding it as the alternative writ), as stating those things which authorized the rendition of the judgment rendered, and the issuance of the peremptory writ. Ever since Platte Co. Ct. v. McFarland, 12 Mo. 166, *mandamus* has been regarded as the proper proceeding to compel a recalcitrant county court to do its duty. [See also, Riley v. City, 31 Mo. App. 439.] Besides, the writ of mandamus, is, in modern practice, treated as an ordinary writ of right, issuable as of course upon proper cause shown. [High Extr. Leg. Rem. (3 Ed.), sec. 430.]

And even if a legal remedy, by *appeal* existed in this case, as it does not, since a refusal by the county court to issue a warrant does not constitute a *final judgment,* still, such remedy by appeal, in order to constitute a bar to the issuance of mandamus, must not only be an adequate remedy in the general sense of the term, but it must be specific and appropriate to the particular circumstances of the case. [High Extr. Leg. Rem. (3 Ed.), sec. 17.] Such qualities an appeal does not possess in this instance, even should we concede an appeal would lie.

The petition distinctly avers that the several bills of costs therein mentioned had been duly examined, approved, signed and certified by the judge of the circuit court and by the prosecuting attorney; this alone would afford prima facie evidence, at least, of the legal correctness and validity of such bills. And the petition also alleges that the fees in the several bills

of costs, as theretofore specified, were duly assigned to relator by the several witnesses mentioned in said petition, and were filed in the office of the clerk of the county court; and there being no bill of exceptions herein preserved, and as the judgment recites, "and thereupon the return of the said defendants to the writ of alternative mandamus heretofore issued, and the ples and travers of the said relator to said return are submitted to the court for trial, and the court having heard the evidence doth find the issues for the relator, and that the defendants have not shown any just cause why a peremptory writ of mandamus should not issue to the said defendants, justices of the county court of Schuyler county as prayed by said relator, and that the said defendants have made a false return to the said writ," it will be presumed this finding was had on good and sufficient evidence, and in the ordinary course of judicial procedure incident to such causes.

Plaintiffs in error after stating in their abstract that the demurrer to the return had been overruled (a statement unsupported by the record), yet with great complacency subsequently assert in their brief:

"Relator by his demur (sic) admits all the facts stated in defendants' return." How such an admission could be predicated upon an *overruled demurrer,* we are not informed.

Contention is made in the statement of plaintiffs in error "that said bills were never presented to plaintiffs in error by the clerk." No such statement was made in the return filed in the lower court, and therefore can not be raised. But the statute, while requiring the bills of costs to be presented to the county court, nowhere says that this shall be done by the clerk. The petition in this case avers that the bills in question "were duly presented to said county court" etc., and this allegation, in any event, was certainly good after the issues had been found in favor of defendant in error.

The point made in the return that Dr. Mitchell had a fifty cents fee in one of the cost bills, cuts no figure here,

because the provisions of the general practice act requiring all parties in interest to be made plaintiffs or defendants, does not apply to proceedings by *mandamus*.    [State ex rel. v. Burkhardt, 59 Mo. 79; State ex rel. Conran v. Williams, 96 Mo. 13.]

Conceding that Dr. Mitchell had a fifty cents interest in one of the bills of cost, still this was a separate and independent interest; and "persons having separate interests can not be joined as relators."    [13 Ency. Pldg. & Prac., 646.] It is true that plaintiffs in error can raise the point in this court, and for the first time, that the petition states no facts, etc.; but in order to maintain such contention, the petition must show on its face that this contention is true.    We hold the petition good, and in addition to the cases already cited in support of the present action, see: State ex rel. v. Heege, 40 Mo. App. 650; State ex rel. Hopkins v. Justices Buchanan County, 41 Mo. 254; State ex rel. v. Smith, 15 Mo. App. 412; State ex rel. v. Hill, 72 Mo. 512.

We affirm the judgment.    All concur.