THE STATE ex rel. CURTS et al. v. THOMAS et al., Plaintiffs in Error.

In Banc, June 22, 1904.

1. **BRIDGE: Between Counties: Discretion of County Court.** The law does not require the county court to build a bridge at the expense of the county, in whole or in part, whether wholly within the county or over a watercourse running between that county and another, except such a bridge as the court shall have determined to be necessary, in view of its locality, utility, cost and the condition of the public fund that may be used for that purpose. The discretion given to the county court to first determine such bridge to be necessary is given by the statute,

and that discretion can not be wrested from it or exercised by any other court, or controlled by mandamus.

2. ——: ——: **Statutes: Constitutional.** The statutes (secs. 5193 and 5194, R. S. 1899), providing that "if a bridge be necessary over any watercourse which divides one county from another, the county courts of both counties shall unite" in the building of said bridge, and that the expense shall be paid in proportion to the amount of taxable property in each, and that when "one-half the expense shall be raised by subscription, both county courts shall forthwith unite to cause such bridge to be built," invest each county court with the judicial discretion of determining when such bridge is necessary, and if either court determines that it is not necessary, it can not be compelled to use the revenues of the county to build the bridge; and viewed in that light, they are not repugnant to the Constitution and general revenue laws of the State.

Error to Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED.

*S. J. Jones* for plaintiffs in error.

(1)    Relators' petition for alternative writ of mandamus is fatally defective. It does not state a cause of action. It does not state facts sufficient to entitle relators to the relief prayed for. (a) Said petition fails to allege that relators, at the time of making the application to the county court for the appropriation, in any way made it known or brought to the knowledge of the county court that one moiety equal to one-half the cost of the bridge had been raised by subscription by the citizens of Carroll and Chariton counties. (b) Relators failed to allege in their petition that there was sufficient funds on hand in the county treasury belonging to the bridge fund of the county out of which the appropriation could have been paid. Constitution, secs. 11 and 12, art. 10; R. S. 1899, secs. 9283, 9284 and 9285; Barnard & Co. v. Knox County, 105 Mo. 382; Book v. Earl, 87 Mo. 246. (c) Said petition does not allege that the

county court abused its discretion. Mandamus will not lie against the county court to compel the performance of an act which is judicial in its nature unless it appears that the county court has abused its discretion, and that fact must be pleaded. State ex rel. v. Coleman, 33 Mo. App. 470; State ex rel. v. St. Louis Court of Criminal Correction, 41 Mo. 598. (2) Sections 5193 and 5194, Revised Statutes 1899, are not mandatory. Under these sections the powers conferred upon the county court with respect to bridges, are judicial. The word "shall" as used in said sections, does not necessarily make them mandatory. State ex rel. v. Coleman, 33 Mo. App. 470; State ex rel. v. Ware, 140 Mo. 487; State ex inf. v. Talty, 166 Mo. 529; Bell v. County Court, 61 Mo. App. 173; Baubie v. Ossman, 142 Mo. 499. (3) Mandamus will not lie to compel an act which is judicial or discretionary. Merrill on Mandamus, sec. 30; Bell v. County Court, 61 Mo. App. 173; State ex rel. v. Megown, 89 Mo. 156; State ex rel. v. Fladd, 108 Mo. 614.

*L. Benecke, Virgil Conkling* and *F. C. Sasse* for defendants in error.

(1) It is mandatory upon county courts to unite with each other and cause a bridge to be built across streams dividing counties, whenever one-half of the expense of building such bridge has been raised by subscription. Section 5194, Revised Statutes 1899, is mandatory. (2) Mandamus is the proper remedy to compel a recalcitrant county court to do its duty. State ex rel. v. Fraker, 166 Mo. 140. Under the provisions of section 5193 the county courts have discretion, but under section 5194 they have not. No allegation that the county court of Carroll county abused its discretion is required, as the county court had none, but was bound to act by taking proper steps to unite with Chariton county, and then adopt detail measures to give full force and effect to the provisions of the statute. R. S. 1899, sec. 5194.

BRACE, J.—This is a proceeding by mandamus in the circuit court of Carroll county, brought here by writ of error. The petition, omitting caption and signatures, is as follows:

"Your relators respectfully represent that they are taxpaying citizens of Carroll and Chariton counties, in the State of Missouri; that the said counties of Chariton and Carroll are separated by a watercourse known as Grand river; that there is a great necessity for a public wagon bridge across said watercourse, known as Grand river, dividing said counties of Carroll and Chariton as aforesaid, at or near Brunswick, Missouri, for the accommodation of the general public and the citizens of both of said counties, especially those living in the eastern part of said Carroll county. That the cost of building a wagon bridge across said Grand river, dividing said counties of Carroll and Chariton, at or near Brunswick, Missouri, as aforesaid, is twelve thousand dollars; that the sum of six thousand dollars, being one moiety equal to one-half the expense of building such bridge, has been raised by subscription by the citizens of said Carroll and Chariton counties, for that purpose; that the honorable county court of Chariton county, Missouri, in compliance with sections 5193 and 5194 of the Revised Statutes of Missouri of 1899, for such cases made and provided, has appropriated the sum of four thousand dollars, or so much thereof as may be required to be contributed by said Chariton county as its proportion and share of the expense of building said bridge, as is required under provisions of sections 5193 and 5194, aforesaid, and for the purpose of carrying into effect the object of said appropriation appointed A. F. Arrington, L. H. Herring and Louis Benecke, as special commissioners.

"That the tax-list taken next before this year, for the counties of Carroll and Chariton, is: Carroll county, $9,637,361; Chariton county, $6,013,648. That the proportional part required to be contributed for the

building of said bridge at its cost of twelve thousand dollars, is: Carroll county, $3,600; Chariton county, $2,400.

"That on the — day of March, 1902, your relators presented to W. W. Thomas, W. D. Pinney and J. D. Penniston, judges of the county court of Carroll county, Missouri, while in session as such court, at the court-house in the city of Carrollton, Missouri, a petition signed by relators and twelve resident taxpaying citizens of said Carroll county, asking said W. W. Thomas, W. D. Pinney and J. D. Penniston, judges of said county court of Carroll county, Missouri, to unite with the honorable county court of Chariton county, Missouri, in appointing a bridge commissioner, and to appropriate money equal to said Carroll county's share of the expense, as provided for under sections 5193 and 5194 of the Revised Statutes of Missouri of 1899, for building said bridge, and to take such other steps as may be required in the premises; but that said W. W. Thomas, W. D. Pinney and J. D. Penniston, judges of the Carroll county court aforesaid, failed and refused and still refuse to grant said petition and to unite with said honorable county court of Chariton county and to appoint a commissioner, or take any action, or make any orders, or provide any means for the erection of said bridge as required under sections 5193 and 5194 of the Revised Statutes of Missouri of 1899.

"Your relators, therefore, pray that a writ of mandamus be issued from this court, directed to said W. W. Thomas, W. D. Pinney and J. D. Penniston, judges of the county court of Carroll county, aforesaid, requiring said county court of Carroll county to unite with said county court of Chariton county, Missouri, in appointing a commissioner and to appropriate out of the public bridge funds of said Carroll county, the sum of $3,600, as the proper amount to be contributed by said Carroll county, for the purpose of erecting said public bridge

aforesaid, and to make such further orders as may be necessary for that purpose.''

No alternative writ appears in the record.

The petition seems to have been taken for the writ and the return thereto is as follows:

''And now comes said W. W. Thomas, W. D. Pinney and J. D. Penniston, judges of the county court of Carroll county, Missouri, and for a return to the writ of mandamus heretofore issued in this case, say that said plaintiffs ought not to have their writ of peremptory mandamus, because, they say:

''1.   They admit that the relators are taxpaying citizens of Carroll and Chariton counties; and that said Carroll and Chariton counties are divided by a watercourse known as Grand river.   But defendants deny that there is any necessity for a public wagon bridge across said watercourse known as Grand river, dividing said counties of Carroll and Chariton, at or near Brunswick; that said bridge would not be of general utility and is not necessary for the accommodation of the general public, nor the citizens of both counties; nor is it a matter of general necessity or accommodation for the citizens living in the eastern part of Carroll county.

''2.   For further return, defendants say that it is proposed to erect and construct said bridge at the southeast corner of Carroll county, at the east line of Smith township, in said county, a point remote from and inaccessible to the general travelling public of Carroll county, and likewise remote from and inaccessible to the general travelling public of Chariton county; that on account of the proposed location of said bridge, the same, if constructed, would not be a matter of necessity to the taxpaying citizens of Carroll county.

''3.   For further return, defendants say that it is impracticable and unwise to build and construct a wagon bridge at or near Brunswick across said watercourse; for the reason that at the place where it is proposed to

construct said bridge, the course of the stream is uncertain and the land on the Carroll county side is known as a sand bar, having been made and thrown up by accretions and deposits from said stream during high water; that on account of the loose character of the soil, there is great danger and probability that said bridge, if constructed at said point proposed by relators, would, during high water, be washed away or destroyed.

"4. For further return, defendants say that the benefits, if any, to be derived from the building and constructing of said bridge would not be general to the taxpayers of Carroll and Chariton counties, but would be purely local to a very small per cent of the citizens of Carroll county, residing in Smith township, and to a smaller per cent of the citizens of Chariton county, residing in the city of Brunswick and the vicinity thereof.

"5. For further return, defendants say that said section 5193 and said section 5194, of the Revised Statutes of Missouri of 1899, under which this suit is brought, are not mandatory.

"6. For further return, defendants say that said sections 5193 and 5194 of the Revised Statutes of Missouri of 1899, under which this suit is brought, are both unconstitutional, the provisions of both of said sections being repugnant to and in violation of the Constitution of the State of Missouri.

"Wherefore, defendants pray judgment dismissing relators' petition."

The return seems to have been treated as an answer to the petition. A reply thereto denying all the allegations thereof was filed by the relators, and also a motion to quash the return, and for judgment on the pleadings, which motion was sustained by the court, over the objections and exceptions of the respondents, and final judgment rendered against them as follows:

"Now, to-wit, on this thirtieth day of April, 1902, come the relators in person and by attorney and come also the respondents in person and by attorney, and the

respective parties answer ready for trial, and this cause comes on for final determination upon the allegations of the alternative writ, the answer and return thereto and traverse of such answer and return, and come also relators and file their motion to quash the return and for judgment upon the pleadings.

"Whereupon all and singular the said cause is submitted to the court upon the allegations of the several pleadings and upon the said motion for judgment. Whereupon, it is considered and adjudged by the court that the relators' said motion be sustained and that the alternative writ heretofore issued be made peremptory.

"It is further considered and adjudged by the court that W. W. Thomas, W. D. Pinney and J. D. Penniston, judges of the county court of Carroll county, Misouri, at their first session when convened as a county court of said Carroll county, take such appropriate action as such court, as will unite them with the county court of Chariton county, Missouri, and, when so united, they appoint a commissioner or commissioners as required by law for the building of a bridge across Grand river, the same being the boundary line between Chariton and Carroll county, at or near the city of Brunswick in Chariton county, Missouri, and that you, the said judges, acting as the county court aforesaid, appropriate out of the public bridge funds of said Carroll county the sum of $3,600, as the proportionate amount to be contributed by said Carroll county in the erection. of said proposed bridge across Grand river as aforesaid, and that you will make, as such county court, such further orders, and take such further proceedings as will be necessary for that purpose, and hereof fail not at your peril.

"It is further considered and adjudged by the court here that the relators have and recover of respondents their costs in this behalf, taxed at the sum of ——,—— dollars and have thereof execution."

To reverse this judgment the writ of error herein

was sued out. The provisions of the aforesaid sections of the statute upon which relators base their claim to the writ of mandamus are as follows:

"Sec. 5193. If a bridge be necessary over any watercourse which divides one county from another, the county courts of both counties shall unite in appointing a commissioner for building said bridge, and the expenses shall be defrayed by both counties, in proportion to the amount of the tax of each, to be ascertained by the tax-list taken next before the contract for building such bridge shall be made. . ·. .

"Sec. 5194. When one moiety equal to one-half the expense of building such bridge shall be raised by subscription, both county courts shall forthwith unite to cause such bridge to be built, and shall pay the residue of the expense of the bridge in the proportion hereinbefore directed."

For the relators it is contended that the allegations of the petition not denied by the return bring the case within the terms of section 5194. That said section is mandatory and upon *the facts* admitted in the pleadings, it was the imperative duty of the county court of Carroll county to unite with the county court of Chariton county in appointing a commissioner to build the bridge in question, and to make the appropriation therefor as asked, and that the county court of Carroll county had no discretion in the premises. Hence the judgment ought to be sustained.

In our opinion this position is wholly untenable. The law governing the building of public bridges is embodied in chapter 84, vol. 2, Revised Statutes 1889, of which said sections 5193 and 5194 form a part, and to properly understand those sections they must be read in connection with the precedent sections of that chapter.

By section 5182 of which, it is provided that, "Each county court shall determine what bridges shall be built and maintained at the expense of the county," . . . and by section 5185 of which it is provided that, "If the

county court be of the opinion that a bridge is necessary, and that it shall be built at the expense of the county, they shall determine in what manner and of what materials the same shall be built and the probable cost thereof." . . . The provisions of the statute, following down to and including sections 5193 and 5194, prescribe in detail the manner in which the power and discretion thus vested in the county court shall be exercised under different and variant circumstances, and among these under the circumstances set out in those two sections. But the law nowhere contemplates that any bridge shall be built at the expense of the county, in whole or in part, except such a bridge as the county court shall have determined to be necessary, in view of its locality, utility, cost, and the condition of the public fund that may be used for that purpose, considered in connection with other like claims upon such funds for like purposes. The discretion thus vested in the county can not be wrested from it, or exercised by any other tribunal.

As was said per GANTT, J., in speaking of this statute, in Jefferson Co. v. St. Louis Co., 113 Mo. 1. c. 631: "The statute in force then and now only authorized the two county courts to bind their respective counties, when each of said courts should determine *it was necessary*. [State ex rel. v. Coleman, 33 Mo. App. 470.] Having agreed upon the necessity, they are required to *unite* in appointing a commissioner for building said bridge, and then provide how it shall be paid in proportion to the taxable wealth of each county. In no other way is any liability authorized to be created. There is not an intimation that one county court can compel an adjoining county to contribute against its will to a joint bridge." Nor is there an intimation that one county court reinforced by fifteen taxpaying citizens of that and an adjoining county can compel such adjoining county to contribute against its will to a joint bridge.

It was the right and duty of the county court of

Carroll county to determine for itself whether the bridge in question was necessary to Carroll county in the light of all the circumstances by which that county was surrounded. So far as the pleadings disclose, they have discharged that duty, and in the exercise of the judicial discretion vested in them by the statute in that matter have determined that the bridge in question is not necessary to Carroll county, and upon familiar principles of law, for which authority need not be cited, such discretion can not be controlled by mandamus.

When these sections are properly construed there is nothing to be found in them repugnant to any provision of the Constitution or the general revenue laws of the State.

The judgment of the circuit court ought to be reversed and it is so ordered.

All concur.