M. Ford, Appellee, v. The City of Manchester, et al., Defendants; W. H. Hutchinson and Joseph Hutchinson, Appellants.

**Actions:** NATURE OF: MANDAMUS. An action to compel a city to accept a work of public improvement, levy an assessment and perform and complete its written contract with respect thereto is an action at law, and is not converted into an equitable action because of a request for a mandatory order of mandamus in aid thereof.

**Findings of court in law action.** Findings of fact by the court in a law action will be given the effect of special verdicts by a jury.

**Municipal corporations:** CONTRACTS WITH: RECOVERY. Where a contractor's variations from specifications are of a trivial character, and where the engineer to whom both parties have intrusted the work has without fraud or collusion approved the same, recovery on the contract should be allowed.

*Appeal from Delaware District Court.*— HON. FRANKLIN C. PLATT, Judge.

TUESDAY, NOVEMBER 14, 1907.

THE opinion states the case.— *Affirmed.*

*F. B. Blair,* for appellants.

*Redmond & Stewart,* for appellee.

WEAVER, C. J.— In the year 1905 the defendant city let to the plaintiff the contract to pave, gutter, and curb a certain street or streets of said city for a stated compensation to be paid in cash, or city warrants or in payments or improvement certificates at the city's option.   On the claim that he had performed his contract, and that the city by its authorities refused to accept the same or to settle or pay for the

work done, plaintiff brings this action, asking a mandatory order or writ commanding the city by its proper officers to accept said work, make out an assessment of the cost thereof upon the property legally chargeable therewith, and deliver to the plaintiff proper certificates for the amount of such special assessments, and to pay the remainder of the contract price, if any, in money or in warrants upon the city treasury. To this action the city, its mayor, and members of the council, and the owners of property subject to such special assessment were made defendants. Answer was filed resisting the plaintiff's demand, on the ground that he had failed to perform and complete the work in substantial compliance with the plans and specifications which were a part of the contract. Stated in a general way, the objections made to accepting and paying for the work done by plaintiff are as follows: 1st. That the pavement was not on the established grade. 2d. That the sand cushion was not flushed with water as provided by the contract, but was applied and rolled in dry. 3d. That a portion of the curbing not troweled smooth as provided by the contract plan; also that the subgrade was not properly prepared, and that much of the material used was not of the kind or quality to comply with the specifications. Upon these issues the cause was tried to the court, which, after consideration of the testimony offered, filed special findings of fact and conclusions of law as follows:

### FINDINGS OF FACT.

(1) The crushed quarry run rock laid by the plaintiff was substantially as required by the contract.

(2) The crushed rock above, otherwise called "macadam," was laid of the required thickness.

(3) The sand was not flushed into the macadam, as required by contract, but the court finds that substantially the result required by the contract was attained by the method adopted, that the amount of sand required to fill the voids was used, and that the voids in the macadam were filled

substantially as required by the contract, although a different means of accomplishing the same result was employed.

(4)    That the bricks used by the plaintiff are the very best No. 1 Galesburg block, and that they fully meet the requirements of the contract.

(5)    That sand was used under the curbing wherever the soil itself was not sufficiently sandy to meet the requirements of the contract.

(6)    That parts of the curbing were not troweled, but that it was impossible to literally comply with the contract in this respect on account of the cement being too hard, when it was reasonably safe to remove the forms; that the painting of the curbing with cement, where not troweled, accomplished practically the result contemplated by the contract.

(7)    That, in respect to the improvement in its entirety, the court finds that, while the contract was not literally complied with in respect to the means of method employed in the points indicated, the results obtained were substantially the same as contemplated by the contract. The court finds that the plaintiff earnestly endeavored to attain these results, and that he has substantially performed his contract; that he has furnished the defendant city with a first-class pavement, which, as completed, is substantially in every respect the pavement and curbing required to be furnished under the terms of the contract.

(8)    The court finds that no change in the grade of the streets at either the curb or sidewalk lines or established grades was made, but that the crown of the street surface was slightly raised on both streets above the established grade, in order to meet the grade of the brick paving theretofore laid: that such raising of the surface of the streets was at the crown and center thereof, and that the slopes to the curb on either side were gradual, leaving the curbs sufficiently high above the surface of the pavement at the gutter, and corresponding in all respects to the surface of the gutter of the old pavement; that the finished work presents a uniform surface and grade in connection with the old pavement, and that the curbs are upon the established grade.

It is therefore ordered, adjudged, and decreed that the plaintiff has fully and fairly and equitably complied with his contract with the defendant city in the construction of two blocks of pavement and curbing, including intersections,

on Main street, in said city, and in the construction of one block of pavement and curbing, including intersections, on Franklin street in said city, and that he is entitled to payment therefor as against and by the defendant city of Manchester and its officers, according to the terms of his contract, and that he may be compensated and paid according to the terms of his said contract, and in that behalf, and to that end, the defendants the city of Manchester, L. Matthews, mayor of said city, D. F. Hennessy, E. S. Cowles, Jr., W. L. Drew, B. J. Lawman, C. L. Adams, and A. D. Work, alderman of said city, and their successors in office, are ordered to accept the pavement and curbing on Main and Franklin streets, in the city of Manchester.

In accordance with these findings and conclusions judgment was rendered for plaintiff for the relief demanded. From this judgment two of the defendant property owners have appealed.

It is proper at the outset that we have some definite understanding as to the nature of these proceedings. Appellants have entitled the record as in equity, and their brief seems to have been framed upon that assumption. The substance of the plaintiff's demand is for a recovery upon a written contract, coupled with a demand for a mandatory order or writ of mandamus in aid of such action. As a proceeding to recover upon the contract, it is essentially an action at law, and the demand for a writ of mandamus can have no effect to convert it into an action in equity, because mandamus is itself a law remedy, and an action or proceeding in which such remedy is sought is a legal, and not an equitable, proceeding. *Brown v. Crego,* 29 Iowa, 321. See 26 Cyc. 140; 19 Am. & Eng. Ency. Law, 718; *State v. Affholder,* 44 Neb. 497 (62 N. W. 871); *Water Co. v. Seymour,* 163 Ind. 120 (70 N. E. 514); *Bright v. Canal Co.,* 3 Colo. App. 170 (32 Pac. 433). When the writ of mandamus is the sole relief sought, it is ordinarily classed as a special proceeding, but still remains triable at law. *Jones v. San Francisco,* 141

1. ACTIONS: nature of: mandamus.

Cal. 96 (74 Pac. 696); *State v. Fraker,* 166 Mo. 130 (65 S. W. 720); *State v. Carey,* 2 N. D. 36 (49 N. W. 164; *People v. Schoonmaker,* 19 Barb. (N. Y.), 657.

This question is of importance in the case now before us only as bearing upon the effect which this court must accord to the findings of fact by the trial court.    If the proceeding be at law, as we hold it is, the findings of fact

2. FINDINGS OF COURT IN LAW ACTION.

must be given effect of special verdicts by a jury, which cannot be set aside upon appeal if there be anything in the record upon which they can fairly be founded.

Without stopping to repeat the findings of the trial court, it may fairly be said that they cover all the material facts in controversy, and are to the effect that the contract

3. MUNICIPAL CORPORATIONS: contracts with: recovery.

was performed in substantial accord with the plans and specifications to which the contract made reference.    We have examined the testimony of the witnesses upon both sides of the case, constituting a very voluminous record, and reach the conclusion that there is not only testimony on which the finding of the trial court may be sustained, but that, when taken as a whole, it may fairly be said that no other conclusion or finding could well have been reached.    Very many of the objections urged against the plaintiff's recovery are of a trivial and inconsequential character, and, where the objection is of a more serious nature, it does not appear to be supported by the evidence.    In the performance of work of this character, it is safe to say that compliance with every term and condition of the plans and specifications with complete and perfect mathematical exactness is never attained, and where the variation is of a trivial or negligible character, and especially where, as in this case, the engineer or overseer to whom both parties have committed the oversight of the work, acting in good faith without fraud or collusion, approves the work in all of its various stages of progress, no ground is afforded for denying a recovery upon the contract.    It would be profitless to

burden this opinion by setting out the testimony of the various witnesses, or by relating all of the circumstances developed in the record which convince us of the correctness of the judgment of the district court.

The decisive question upon which the rights of these parties turned is one of fact, and, the finding of the trial court thereon being fairly sustained by the evidence, the judgment appealed from must be, and is, *affirmed.*