# A. M. L. McBane, County Judge of Gallatin Co. *et al.*

## *v.*

## The People of the State of Illinois *ex rel.*
## Aaron R. Stout.

1. Service of process—*waiver of irregularities.* Where an alternative writ of mandamus was served upon the individual members of a county court, when that court was not in session, and a regular term of the court did not intervene between the day of service and the return day, such irregularity in the service would be waived, by the members of the court appearing and making return to the writ, even though such irregularity was set down in the return, as one of the reasons why a peremptory writ should not be granted.

2. Same—*how such irregularity availed of.* Such an irregularity in the service of an alternative writ, could only be availed of as a ground for continuance, until the county court would be in session, that it might determine what defense the county would make.

3. Judgment, *awarding execution against the county, not void.* Where in rendering a judgment against a county, the court awarded execution, such award is not an error, which of itself would render a judgment otherwise valid, void; nor can such judgment be questioned in a collateral proceeding, but the error can only be availed of in a direct proceeding to reverse the judgment.

4. Venue—*change of—in a suit against a county.* Under the statute authorizing counties to be sued, such suit must be brought in the circuit court of the defendant county, but when so brought, like all civil actions, it may be removed by a change of venue to a foreign county, where the statutory causes authorizing it are alleged to exist.

5. Suit against a county—*in what court it must be brought—of a proceeding by mandamus.* A proceeding by mandamus is a suit, within the meaning of the statute, which requires all suits against a county to be brought in the circuit court of the county being sued, and therefore must be commenced in that court.

Appeal from the Circuit Court of Saline county; the Hon. Andrew D. Duff, Judge, presiding.

The facts are stated in the opinion.

Mr. H. K. S. O'Melveny and Mr. A. M. L. McBane, for the appellants.

Messrs. YOUNGBLOOD & BURNETT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Aaron B. Stout brought suit in the Circuit Court of Gallatin, against the county of Gallatin. Afterwards the venue was changed to Saline county, where a trial was had, resulting in a judgment in favor of plaintiff, for the sum of $1,912.32, and $35.90 costs. This judgment was recovered at the October term, 1868, of the Saline Circuit Court, and afterwards, at the December term, 1868, of the County Court of Gallatin, plaintiff presented to that court a certified copy of the judgment thus recovered, and demanded that the county court order its payment, but they refused to act upon the matter at that term, but adjourned the consideration of the same until the last day of that month, at which time there was held a special term of the county court.

At this last term, the county court refused to take action thereon or to make an order allowing the same and directing its payment. Nor has any order been made since that time. Stout filed a petition to the March term, 1869, of the Saline Circuit Court, praying that a mandamus be issued, to compel the county court to order the payment of the judgment, in which the foregoing facts were set forth. Service was had upon each member of the county court, and they appeared and made return to the writ:

· That the judgment mentioned in the alternative writ was void; that it is informal and inoperative, because it awarded execution against the county of Gallatin; that the alternative writ was served on the individual members of the county court when not in session, and when there would be no regular term until in June following the service. These are set out in the return as reasons why the county court had refused to make the order on the treasurer for the payment of the judgment.

Appellee filed a demurrer to the return, which was sustained and judgment rendered, awarding a peremptory writ of mandamus, compelling the county court to issue an order for the payment of the judgment. Appellants bring the record to this court and ask a reversal of the judgment of the court below.

The third ground of refusal, that the service of the alternative writ was not sufficient, was, if true, only a ground for a continuance until the county court would be in session, that it might determine what defense the county would make; but by appearing and submitting to make a return to the writ, this irregularity was waived and the court below decided correctly, in holding that it afforded no reason why the order should not be made for the payment of the judgment.

The second ground for refusal, set out in the return, that the judgment is informal and inoperative in awarding execution, is likewise insufficient. At most, the award of execution is but an error that may be availed of in an appellate court. It does not render an otherwise valid judgment void, and it is valid and binding until reversed for error. It being binding until reversed, no question can be raised as to its legal validity in a collateral proceeding, which this is.

We now come to the first ground relied upon in the return, that the judgment in favor of Stout is void. The ground urged in support of this position is, that the circuit court of Gallatin county had no power to award a change of venue in the suit in which the county was a party, and that all of the proceedings in the circuit court of Saline county were *coram non judice*, for the want of jurisdiction. In the case of *Mercer County* v. *Schuyler County*, 4 Gilm. 20, it was held, under the statute authorizing counties to be sued, that as the statute so directed, the suit must be brought in the circuit court of the county being sued, and that where a suit was brought in the wrong county and a judgment by default was rendered, it was irregular and would be reversed on error; and it has been repeatedly said, since that decision was announced, that the

suit must be brought in the county against which the suit is instituted, and this we regard as the settled law of this court.

The question which this record presents is, whether a suit against a county, properly brought, may be taken by change of venue to a different county and there tried. This depends upon the provisions of chapter 105, entitled " Venue." (Gross' Comp. 779.) The first section of that chapter declares that "if either party to any civil cause, in law or equity, which may be depending in any circuit court, shall fear that he will not receive a fair trial in the court in which the action is pending, on account that the judge is interested or prejudiced, or related to, or shall have been of counsel for, either party, or that the adverse party has an undue influence over the minds of the inhabitants of the county wherein the action is pending, or that the inhabitants of such county are prejudiced against the applicant, so that he cannot expect a fair trial, such party may apply to the court in term time, or the judge thereof in vacation, by petition, setting forth the cause of the application, and praying a change of venue." And the section requires that it shall be granted on a compliance with its provisions.

It will be observed, that the language of this section is com prehensive, and embraces the parties to any civil suit. And it is obvious that an action against a county is a civil cause; and it is equally plain that the plaintiff and defendants are parties to it, and it follows that they are embraced within the provisions of this law, nor do we find any exceptions as to any class of persons or civil causes, and no reason is shown why such parties or causes are not as fully within the reason of the provisions of this law as other parties. If the causes enumerated in the statute exist, then such cases are fully within the mischief the legislature intended to remedy, and are clearly entitled to avail of its benefits. It then follows that this part of the return presents no defense to the issuing of the peremptory writ.

It is, however, urged that the demurrer should have been carried back and sustained to the writ, because it did not

present a case which respondents were bound to answer, and the ground of the objection is, that a proceeding by mandamus is a suit, and being such, the proceeding should, under the statute, have been commenced in Gallatin. The other side contend, that it is not a suit, but a mode only of obtaining execution on the judgment. The proceeding by mandamus has all of the elements of a suit. It has a party plaintiff, a party defendant, and is to obtain a right of which the plaintiff is deprived, and it is instituted and carried on in a court and we are at a loss to determine what element it lacks to be a suit. It has *mesne* and final process, has pleadings, and issues of law and of fact are formed and tried as in other cases, and terminates in a judgment which is executed in the mode prescribed by the law. This being so, it must be held to be an original proceeding, or suit, having none of the elements of final process.

It then follows that as an original suit, on the authority of *Mercer Co.* v. *Schuyler Co.*, it should have been brought in the Gallatin Circuit Court, and not in the Saline Circuit Court. This appearing on the face of the writ, which stands for a declaration, it was ground of demurrer, and for this reason it should have been sustained to the writ as well as the return. For this error the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*