WOODWORTH *v.* OLD SECOND NATIONAL BANK.

SAME *v.* MALTBY CEDAR CO.

VENUE — CHANGE — STATUTE — APPLICATION — MANDAMUS — CIVIL ACTION.

> Mandamus proceedings are "civil actions," within Act No. 309, Pub. Acts 1905, providing for changes of venue in civil actions.

Certiorari to Bay; Gage (Chauncey H.), J., presiding. Submitted May 8, 1906. (Calendar Nos. 21,678, 21,679.) Decided May 24, 1906.

Mandamus by Frank T. Woodworth to compel the Old Second National Bank and others, and by the same relator to compel the Maltby Cedar Company and others, to turn over their books and papers for relator's inspection: On motion for a change of venue. There was an order granting the motion, and respondents bring certiorari. Affirmed.

*Gillett & Clark* and *John C. Weadock,* for relator.

*Stoddard & McMillan,* for respondents.

BLAIR, J. The sole question presented for our consideration upon this writ is whether or not mandamus proceedings are "civil actions," within the meaning of Act No. 309, Pub. Acts 1905, providing for changes of venue. In 19 Am. & Eng. Enc. Law (2d Ed.), at pages 719, 720, the rule is stated in the text as follows:

"The cases are very numerous wherein it is said that mandamus is an action at law, or a civil action under the code. But there are cases which deny that it is either an action at law, or a civil action under the code, and hold that mandamus is a special proceeding. Originally the proceeding was not in the nature of a civil suit between par-

ties to settle private rights. But since the statute of Anne authorizing pleadings and proceedings by mandamus, and wherever a similar statute is in force, mandamus is regarded as in the nature of an action."

To the same effect see 1 Cyc. p. 723. In *Kentucky* v. *Dennison*, 24 How. (U. S.) 66, Chief Justice Taney, delivering the opinion of the court, says:

"It is equally well settled that a mandamus in modern practice is nothing more than an action at law between the parties, and is not now regarded as a prerogative writ. It undoubtedly came into use by virtue of the prerogative power of the English crown, and was subject to regulations and rules which have long since been disused. But the right to the writ and the power to issue it has ceased to depend upon any prerogative power, and it is now regarded as an ordinary process in cases to which it is applicable."

To the same effect, see *Brown* v. *Crego*, 29 Iowa, 321; *State, ex rel. Green Bay, etc., R. Co.* v. *Jennings*, 56 Wis. 113; *Seymour Water Co.* v. *City of Seymour*, 163 Ind. 120, 130; *Hartman* v. *Greenhow*, 102 U. S. 672; *Crissey* v. *Morrill*, 125 Fed. 878.

*McBride* v. *Common Council of Grand Rapids*, 32 Mich. 364, upon which respondents strongly rely, is cited in note 2 on page 720, 19 Am. & Eng. Enc. Law, to the effect that mandamus was not a suit originally at common law. In that case, the question was whether the Constitution allowed mandamus to be used by the circuit courts generally or in all cases to which it was applicable, and it was held that it did not, and in the course of the majority opinion the writ was treated as a prerogative writ. After that decision, the Constitution was so amended as to confer authority upon the Supreme Court to prescribe by rule the general jurisdiction of the circuit courts over the writ. Pursuant to the amendment referred to, a rule was adopted which now stands as Circuit Court Rule 46 (134 Mich. xxxii). Supreme Court Rule 12 provides for a review of the proceedings in the Supreme Court by writ of certiorari. Under these rules and the statutes relating

to mandamus proceedings, the practice has grown up which is stated by Mr. Justice CARPENTER in *Lewis* v. *Detroit Board of Education,* 139 Mich. 306. That practice is widely variant from the original common-law theory of a prerogative writ, and is in harmony with the practice prevailing in the majority of the States in providing for an orderly trial of issues upon pleadings. While there are cases supporting the contention of appellants, we think the great weight of authority is to the contrary, and we therefore hold that mandamus proceedings are civil actions, within the meaning of Act No. 309 of the Public Acts of 1905.

·This determination also disposes of the case of Frank T. Woodworth, relator, v. Maltby Cedar Company et al., respondents.

The orders of the circuit judge are affirmed in both cases.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.