STATE OF MISSOURI EX REL. HOMER SHARP, RELATOR, v. A. G. KNIGHT, JUDGE, ETC., RESPONDENT.

Kansas City Court of Appeals. April 7, 1930.

*Stultz & Adams* for relator.

*J. W. McKnight* for respondent.

BLAND, J.—This is an original proceeding in mandamus in which relator seeks to compel the respondent, Knight, who is Judge of the Circuit Court of Harrison County, to take jurisdiction in a mandamus proceeding alleged to be pending in the circuit court of said county on a change of venue from the circuit court of Gentry county. Relator in the present suit is the relator in the proceedings in the lower court and the board of supervisors of Albany Drainage District of Gentry county is claimed to be the respondent in the court below. The respondent herein entered his appearance and, with this court's consent, waives formal issuance of the alternative writ and demurs to the petition in its stead, and the petition thereby stands in lieu of and as for the alternative writ. [State ex rel. Consolidated School District v. Lee, 303 Mo. 641, 643.]

The facts disclosed by the petition for the writ in the proceeding before us show that on October 24, 1929, relator filed a petition in the circuit court of Gentry county, Missouri, seeking a writ of mandamus against the board of supervisors aforesaid requiring them to audit or have audited the books of the treasurer of the district for each year since 1922, and to call a meeting of landowners in the district for the purpose of electing members of the board of supervisors of said district, and to make a report of said audit to the landowners of said district at said meeting and to publish the statement of said audit within thirty days thereafter, showing the amount of money received each year since 1922, the amount paid out during each year since 1922 and the amount in the treasury at the beginning and at the end of each year since 1922.

On the 9th day of November, 1929, relator filed in the circuit court of Gentry county, Missouri, his application and affidavit for a change of venue in the mandamus proceeding started therein. This application was based upon the allegation that the judge of that court was biased and prejudiced in favor of the board of supervisors of the district, and had been before his election as judge of that court, the attorney for the district and the legal adviser of the board of supervisors and that he had been and was, at the time of the filing of the application, treasurer of the district and secretary of the board of supervisors, and as secretary of said board kept the books of the district which were sought to be audited in that proceeding. The application prayed that the court grant a change of venue to some other judicial circuit.

On November 9, 1929, the court made an order changing the venue in said proceeding to the circuit court of Harrison county,

presided over as judge by the respondent herein, and the papers in the cause were sent to and were filed in the office of the clerk of that court. Thereafter, on December 2, 1929, after due notice had been given to the members of the board of supervisors of the district, the court took up the motion of relator filed in the circuit court of Harrison county requesting that court to issue a writ of mandamus requiring them to do the things prayed for in the petition for the writ, and on that day the members of the board of supervisors, "without waiving the question of the jurisdiction of the circuit court of Harrison county, Missouri, over their person, and without waiving issuance of an alternative writ of mandamus," filed their motion in said proceedings, claiming that the circuit court of Harrison county did not have jurisdiction of the proceedings and was without power to issue an alternative writ of mandamus therein; that there was no change of venue known to the law of Missouri "in a mandamus proceeding instituted in the circuit court upon a petition for the issuance of an alternative writ." On the same day the court found the contention of the members of the board of supervisors to be well taken, that is to say, that a change of venue from the circuit court of Gentry county was not maintainable in those proceedings.

Thereafter, on the 24th day of December, 1929, relator filed a motion to set aside the order and the ruling of the court that it had no jurisdiction and requesting the court to take jurisdiction in the proceedings and to issue a writ of mandamus. Upon notice being duly given to the members of the board of supervisors the motion to set aside was taken up by the court and on January 20, 1930, the motion was overruled, the court again holding that the circuit court of Gentry county had no jurisdiction or authority to grant a change of venue in a mandamus proceeding.

On January 27, 1930, relator filed a petition in this court praying for a writ of mandamus against respondent, judge of the circuit court of Harrison county, requiring him to exercise jurisdiction in the proceedings which relator claims is pending in respondent's court and to hear and determine said suit and proceedings.

One of the grounds set forth in respondent's demurrer to the petition herein is that the petition does not state facts sufficient, under the law, to entitle relator to the relief sought therein because the "general statutes pertaining to changes of venue in civil actions are not applicable to proceedings in mandamus," and it is claimed by the respondent in his brief that the action of the Gentry county circuit court in granting the change of venue was *coram non judice.*

It is insisted by the relator that the provisions of the law in this State relative to changes of venue (see article II of chapter 12, R. S. 1919) are applicable in mandamus proceedings, mandamus being a civil suit within the meaning of section 1357 providing

"a change of venue may be awarded in any *civil suit*," etc. That mandamus is a civil suit is now well established. [State ex rel. v. Lewis, 76 Mo. 370, 380; State ex rel. v. Bourne, 151 Mo. App. 104; 38 C. J., p. 543.] Civil suits in this State are all those that are not criminal. [State ex rel. v. Riley, 203 Mo. 175, 176, 187.]

While it is true that the right to a change of venue is purely statutory and does not exist except in those instances where the statute gives it (Cole v. Cole, 89 Mo. App. 228, 233), the change of venue statute is to be liberally construed in favor of the right to grant it, so far as its applicability to particular classes of civil suits is concerned. [State ex rel. v. Riley, supra, l. c. 187, 188.] In the case of State v. Yager, 250 Mo. 388, it was held that the change of venue statute is applicable to a suit brought by a prosecuting attorney to remove a sheriff from office for misconduct in office and neglect of official duty, the statute making such a proceeding a civil action.

Following the case of State ex rel. v. Riley, supra, this court, in the case of State ex rel. v. Denton, 128 Mo. App. 304, held that *certiorari* is a civil suit within the meaning of the change of venue statute, and that the right of change of venue existed in *certiorari* proceedings. It has been squarely decided that change of venue statutes granting the right to such changes in civil suits apply to suits in mandamus. [City of Williamsport v. Commonwealth, 90 Pa. 498, 499; Woodworth v. Nat'l Bank, 144 Mich. 338; McBane v. The People, 50 Ill. 503, 506.] It is quite apparent that mandamus being a civil suit, section 1357, Revised Statutes 1919, providing for a change of venue in "civil suits" applies to mandamus, unless there is something in the statute, either expressly or by inference, confining the application of the change of venue law to civil suits other than mandamus proceedings, which respondent contends is the case. There are some statements in the cases in this State to the effect that the Practice Act of the General Code of Civil Procedure does not apply to mandamus proceedings. [Smith v. St. Francis Co. Court, 19 Mo. 433; State ex rel. v. Burkhardt, 59 Mo. 75, 78; State ex rel. Conran v. Williams, 96 Mo. 1, 18; State ex rel. v. Fraker, 166 Mo. 130, 142; State ex rel. v. Cook, 201 S. W. 361, 363.]

Respondent contends that as the article relating to change of venue appears in our Revised Statutes in the chapter relating to the General Code of Civil Procedure and as article 6 of the General Code provides that that article, which is one relating to amendments to pleadings, shall apply to mandamus (see sec. 1290, R. S. 1919) by necessary implication the other provisions of the General Code do not apply to proceedings in mandamus, but that those proceedings are governed by article 9 of chapter 13, relating to mandamus.

On the face of the matter it would appear that respondent's contention is well taken. However, an examination of the history of these statutes shows conclusively to our minds that the provisions of the statute relative to change of venue apply to mandamus proceedings, as well as other civil suits.

Although the change of venue provision in force in Missouri before it became a State appeared under the chapter dealing with the practice of the law (see Vol. I Territorial Laws of Mo., p. 117, sec. 32), the provisions relative to change of venue have never appeared in connection with any other act or statute since the territory of Missouri became a State or shortly thereafter, but had always, up to the revision of 1879, appeared as a separate act or chapter devoted exclusively to the subject of change of venue. [R. S. 1825, p. 786; R. S. 1834-35, p. 614; R. S. 1845, p. 1072; R. S. 1854-55, p. 1558; R. S. 1865, p. 633.] It was not until the revision of 1879 that the provisions of our law relative to change of venue first appeared in the General Code of Civil Procedure (see art. 11, chapter 59, R. S. 1879). They were then, for the first time, placed in the General Code as a matter of convenience in arrangement and codification.

There can be no question but that, at least until the revision of 1879, the change of venue act applied to all civil suits including mandamus. [R. S. 1825, p. 786; R. S. 1834-35, p. 614; R. S. 1845, p. 1072; R. S. 1854-55, p. 1558; General Statutes 1865, p. 633.] Until 1849, when this State first adopted the Code of Civil Procedure, referred to as the Practice Act, the statutes of this State relating to "practice at law" continued therein the statute of amendments or Jeofailes, and in such statute it was provided that it should apply to certain extraordinary proceedings including mandamus. However, in adopting the Code in 1849 the Legislature failed to provide that the section relative to amendments to pleadings should apply to mandamus. On the contrary it enacted that "until the Legislature shall otherwise provide, the act should not effect proceedings upon mandamus, *quo warranto*, prohibition, information, *scire facias*, etc." [See Laws of 1849, p. 103, sec. 6.] However, very soon afterwards the Legislature restored the old provisions of the statutes which provided that the Statute of Jeofailes should apply in such extraordinary proceedings as mandamus. [See R. S. 1854-55, sec. 22, p. 1257.] So in the case of State ex rel. v. Williams, supra, l. c. 18, the Supreme Court said:

"At the adoption of the Practice Act, in 1849, it was provided by section six, article thirty, that the act should not effect proceedings upon *mandamus* until otherwise provided. At the present time (1888), the article relating to amendments is in express terms made to apply to writs of *mandamus*, thus showing by clear im-

plication that in other respects it (the Practice Act of 1849) does not apply.''

And it was held in that case that the return to the alternative writ of mandamus must conform to the common-law rules and that the Code of Civil Procedure, referred to as ''the Practice Act'' did not govern in the matter.

In the case of State ex rel. v. Burkhardt, supra, 1. c. 78, it was held that:

''The general provisions of the Practice Act, authorizing all persons having or claiming an interest in the subject-matter of the controversy to be made parties plaintiff or defendant, do not apply to proceedings by writ of mandamus.''

In the case of State ex rel. v. Fraker, supra, 1. c. 141, 142, it was held that the provisions of the general practice act requiring all parties in interest to be made plaintiffs or defendants, do not apply to proceedings in mandamus, citing the cases of State ex rel. v. Burkhardt and State ex rel. Conran v. Williams, supra.

It is quite apparent that all of these decisions were proper for the reason that the provisions of the statutes discussed therein appeared in the General Code of Civil Procedure or Practice Act of 1849 and have never appeared anywhere else in the statutes. They have always been a part and parcel of the General Code. It was therefore proper to hold in those cases, in view of the fact that the Statute of Jeofailes was so amended as to make it apply to mandamus, when the code theretofore had provided that none of its provisions should apply to mandamus until the Legislature otherwise provided, that no part of the Code except the Statute of Jeofailes should apply to mandamus.

But it should be remembered that that law was amended so that the Statute of Jeofailes appearing in the chapter relating to the Code of General Procedure should apply to mandamus and other extraordinary proceedings long before the revision of 1879. It was amended as early as 1855 at least. The provisions relative to amendments to pleadings applying to mandamus appear in the Revised Statutes of 1854-55 and in each of the Revised Statutes since that time and is now section 1920, Revised Statutes 1919. But when the amendment to the Statute of Jeofailes was made the act relating to change of venue appeared under its own heading and not in connection with the Code or Practice Act. Therefore, when the Legislature amended the statute providing that the Statute of Jeofailes should apply to mandamus, thus excluding the other provisions of the code, as then existing, from any such application, it did not exclude the statute relative to change of venue. It therefore appears quite conclusively that the change of venue statute applied to mandamus proceedings at least as late as the revision of 1879.

The question now to be determined is as to what effect upon the situation was had when in 1879 the Legislature, for convenience in arrangement and codification, placed the change of venue statute in the chapter dealing with the General Code of Civil Procedure.

We held in the case of Burrell Collins Brokerage Co. v. New York Cent. Ry. Co., 219 S. W. 105, that sections 1754, 1765, 1766 and 1767, covering the bringing of suits against corporations and service thereon, appearing in the General Code of Civil Procedure, which code does not apply to suits in justice courts but to those in circuits court, were applicable to suits before justices for the reason that prior to the revision of 1909 these sections appeared under the chapter dealing with private corporations and not in the one dealing with the Code of Civil Procedure, but were placed in the code in the revision of 1909 as a matter of convenience and codification, citing State ex rel. v. Gantt, 274 Mo. 490, 505. The holding in that case as well as the Gantt case is authority for the proposition that the mere arrangement or codification of the statutes by the Legislature, which under our Constitution now takes place every ten years, does not change the applicability of a particular statute as it stood when it was enacted. So we do not feel that the Legislature, in the revision of 1879 and subsequent revisions, intended to deprive the right of change of venue in mandamus proceedings as that right theretofore existed. It is abhorrent to one's sense of justice to contemplate an interested or prejudiced judge, either voluntarily sitting or being required to sit, in any case. Even at common law, no one could be a judge in his own cause. [See Graham v. The People, 111 Ill. 253, 257.]

We have examined the cases cited by the respondent where changes of venue were refused in mandamus cases, but find in those cases that the mandamus sought therein were proceedings merely ancillary to the suit; under the decisions of our court relative to changes of venue no such change can be granted under such circumstances in any case. [Cole v. Cole, supra; State ex rel. v. Slavens, 75 Mo. 508; Heather v. City of Palmyra, 276 S. W. 872, 875; State ex rel. v. Cook, supra.] It is worthy of comment that in none of these cases was there any suggestion that at a proper stage in mandamus a change of venue cannot be taken. Respondent cites us to the case of State ex rel. v. Pence, 240 S. W. 443. That case had to do with whether the change of venue law, which at that time appeared in the General Code of Civil Procedure, was applicable to a proceeding in the circuit court of Jackson county, or whether the one relating to the Sixteenth Judicial Circuit, comprising Jackson county. In discussing the matter presented to the court for determination the court said, l. c. 444:

"They overlook the fact that the Sixteenth Judicial circuit belongs to a specific class of circuits, which class has its own peculiar change of venue law, whereas the new section created by the act of 1921 *is a part of the General Code of Civil Procedure,* and applies to the general run of circuits in the State." (Italics ours.)

Nothing was decided in that case except as to the classification of the change of venue acts, one appearing in the General Code and the other a specific act applying to the Sixteenth Judicial circuit of Jackson county. There is no question but that the Legislature has made the general law applicable to change of venue "a part of the General Code," but as before stated, it was so made for the purpose of convenience in arrangement and codification and not for the purpose of changing the law as it theretofore existed. There is nothing in the case of State ex rel. v. Pence, holding contrary to our views in the present case.

It is claimed, however, that by reason of the provisions of section 1986, appearing under the article dealing with mandamus, there can be no change of venue in a mandamus case. Said section reads as follows:

"If any issue shall be joined upon such proceeding the person suing out such writ shall try the same in the court from which such writ of *mandamus* issued."

This section has no bearing upon the question now before us. It was enacted so as to prohibit the making of the alternative writ returnable to a court of any other county in the circuit. [See 38 C. J., p. 829.] Formerly it was permissible to make the order to show cause or the alternative writ returnable outside of the county or division where it was issued, if before the same court. [See 38 C. J., p. 829.] Section 1986 of our statute was enacted to prevent this. The fact that a court in the first instance cannot make the writ returnable outside of the county does not prevent a change of venue to another county although not in the same circuit, after the alternative writ is issued and served upon the respondents, provided the other provisions of the change of venue act are complied with. [40 Cyc. p. 120.]

It is also insisted that under section 4410, Revised Statutes 1919, having to do with the drainage law, no change of venue may be awarded to another circuit in matters arising under the organization and administration of the affairs of drainage districts organized by circuit courts, and that the only power the circuit court of Gentry county possessed was, upon the disqualification of the judge, to call in another judge from a different circuit. The change of venue provision contained in section 4410 which appears in the article dealing with "Drainage Districts by Circuit Courts," has application only to changes of venue in reclamation proceedings and has none in an ordinary proceeding in mandamus, which this proceeding

in the lower court appears to be. The present proceeding in the circuit court does not involve reclamation proceedings, but is like any other proceeding by mandamus against public officers requiring them to perform their duties as such and the general change of venue statute applies.

Respondent also insists that at the time of the awarding of the change of venue there was no suit pending in the circuit court of Gentry county and, therefore, the order was *coram non judice*. This matter is raised by the special demurrer to the petition, and we think is well taken. At the time the change of venue was applied for and granted the alternative writ had not been issued. It is well settled in this State that the petition for the writ is not a pleading in the cause, but that the alternative writ is the first pleading and stands as did the declaration at common law. [Hamilton v. Town of Dexter, 89 Mo. 188, 190; State ex rel. v. Dreyer, 183 Mo. App. 463, 479; State ex rel. v. Fields, 263 S. W. 853, 856; Merrill on Mandamus, 311, 314.] Of course, when the issuance of the alternative writ is dispensed with as was done in the present proceeding in this court, the petition stands for the writ. There is no question but that under the common law procedure which is in effect in this State in mandamus proceedings, except where the mandamus act provides otherwise, the alternative writ is not only the first pleading in the case but is also the process by which the respondent is brought into court. [38 C. J., pp. 862, 909, 912.] In contemplation of law the cause is not pending until the alternative writ is issued, the proceeding being *ex parte* until that time. [38 C. J., p. 861.] Until the alternative writ is properly served the court has no power to proceed in the cause; it has no jurisdiction to do anything save deny the application for the writ. [33 C. J., p. 1074; 32 Cyc., p. 423.] The petition for the writ is addressed to the court and is in the nature of suggestions to him appealing to his discretion in the matter of the issuance of the writ. It is wholly *ex parte*. Merrill on Mandamus, pp. 311, 313, 314; 38 C. J., p. 828. (E):

"The practice in regard to what constitutes the first pleading in the case is not uniform. *At common law* the alternative writ is not only a process, but also a pleading, and it stands in place of the declaration in an ordinary action at law, and is the first pleading in the case, and where this is the case, the petition or complaint is in law a mere memorandum or affidavit supplying the materials for the recitals of fact in the alternative writ." [38 C. J., p. 862.] (Italics ours.)

The change of venue act, section 1361 as amended (see Laws of 1921, p. 204), provides for notice to the adverse party when a change of venue is applied for, showing plainly that an application for a change of venue is not an *ex parte* proceeding. While it is

unnecessary to say whether or not respondent can raise in this proceeding the question of lack of notice of the application for a change of venue, we are firmly of the opinion that the Gentry county circuit court had no jurisdiction to grant the change prior to the issuance of the writ, for the reason, not only that the respondent was not in court at the time and the court had no jurisdiction to grant the change, but for the reason that there was no actual lawsuit pending at the time the change was granted. The Gentry county circuit court was, therefore, without jurisdiction in the premises and its act in granting the change was *coram non judice.* [Cole v. Cole, supra.]

It is claimed by relator that the board of supervisors of the Drainage District waived the jurisdiction of the circuit court of Harrison county in the mandamus proceeding by appearing and contesting its jurisdiction. This appearance by said board of supervisors was a special one for the purpose of contesting the jurisdiction of the Harrison county circuit court and they had no opportunity to object and except to the action of the circuit court of Gentry county in granting the change of venue. As there had not at any time been any case pending in either the Gentry or Harrison county circuit courts there could have been no waiver of jurisdiction over the person of the members of the board of supervisors by a mere appearance before the judge. The petition for the writ in this court alleges that the board had not consented that the petition for the writ in the court below stand for the writ. In addition to this the judge of the Harrison county circuit court had no jurisdiction to issue an alternative writ involving the affairs of a Gentry county Drainage District (State v. Buckner, 291 Mo. 320) and jurisdiction over the subject-matter cannot be waived. [38 C. J., p. 829.]

It is claimed by the relator that:

"If petitioner waited until the judge refused to grant the alternative writ, he could not appeal from that refusal, and if he waited until the judge granted the writ he could not take a change of venue. If a change of venue in a mandamus proceeding cannot be taken after filing the petition and before the issuance of the writ a prejudiced judge could catch petitioner coming and going."

There is no merit in this contention. Had the judge of the Gentry county circuit court refused the alternative writ, then he could have been made to grant it by a writ of mandamus issued by this court. While the granting of the writ is discretionary, the exercise of the discretion must not be an arbitrary one. [38 C. J., p. 549.] There is no question but that the judge of the Gentry county circuit court could have been mandamus to grant the writ as the propriety of such refusal would have necessarily been presented by the application for the writ. If the facts disclosed by

the application and the records showed, as a matter of law, that relator was entitled to the writ, then this court would have compelled its granting by its writ of mandamus. [38 C. J., pp. 610, 611, 612; State v. O'Bryan, 102 Mo. 254; Hogan v. Citizens Ry. Co., 150 Mo. 51; Costello v. St. Louis Circuit Court, 28 Mo. 259, .274; State ex rel. v. Laughlin, 75 Mo. 358; State ex rel. v. McElhinney, 246 Mo. 44; Backus v. Carleton, 97 Mich. 624.] There is no merit in relator's contention that it would have been too late, after the alternative writ was granted, for relator to have applied for a change of venue. [40 Cyc., p. 148.]

There is another question raised by the demurrer to the petition, which we think is well taken. The petition on its face does not show that the relator has any interest in the controversy in the proceedings below. The petition merely alleges that "He is a citizen, resident and taxpayer of Gentry county." Under the provisions of sections 4381 and 4382, Revised Statutes 1919, only owners of property situated within the district have the right to participate in the affairs of the district and particularly in the annual elections. There is nothing on the face of the petition indicating that relator is the owner of property in the district, and not having shown on the face of the petition any interest in the controversy he is not entitled to maintain this action. [State ex rel. v. Smith, 104 Mo. 661; Section 4580, Revised Statutes 1919.]

One of the papers filed in this court in connection with the petition is denominated a "Petition for Mandamus." This paper purports to be the petition for the writ of mandamus filed in the circuit court of Gentry county. This paper recites that the relator is the owner in fee simple of real estate situated in the Drainage District and is a taxpayer therein. However, this paper is no part of the petition for the writ filed in this court, which stands in this case as the alternative writ. There is a rule in this State that the alternative writ must contain all of the matter to be considered by the court as a part of the pleading. [Hamilton v. Town of Dexter, 89 Mo. 188, 190, 191.]

We think that the demurrer to the petition should be sustained and it is so ordered. While we have disposed of the question of respondent's jurisdiction on a theory, perhaps, somewhat different than respondent decided the matter below he has raised the question, upon which our decision is based, which was a proper method for him to pursue. [State ex rel. v. Mossman, 112 Mo. App. 546.] It may be that by amendment the interest of the relator in this controversy may be shown but, as there is no possibility of the petition for the writ being so amended as to show jurisdiction in the respondent herein, the alternative writ will be quashed and it is so ordered. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.