## No. 14,203.

### Wagner, County Superintendent of Schools in the County of Gilpin v. People ex rel. Mackenzie.

(72 P. [2d] 268)

Decided September 20, 1937.

Mr. James M. Seright, Mr. Elmer L. Brock, Mr. Leroy J. Williams, for plaintiff in error.

Mr. Gray Secor, Mr. H. G. McCarty, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error, Amanda Wagner, is county superintendent of schools in and for Gilpin county. In response to an alternative writ of mandamus issued by the county court of Boulder county requiring her to unite with Charles E. Davis, county superintendent of schools of that county, one of the defendants in error, in establishing and numbering a school district to be formed out of two established school districts, and which would lie partly in the two counties, she moved for a change of venue and filed a special demurrer. After an adverse ruling, she declined to plead further and elected to stand on the motion and demurrer. To the judgment granting a peremptory writ of mandamus, she now presents her application for supersedeas and makes request, in which

she is joined by defendant in error, that final determination be had thereon.

Sections 61, 62 and 65, chapter 146, '35 C. S. A., relating to the formation and organization of school districts, are involved. In the petition for mandamus it is alleged that full compliance with these statutes was had in the organization of a joint school district from territory belonging to two contiguous counties and within the territory then comprising school district No. 7 in Gilpin county and district No. 18 in Boulder county. These allegations are admitted with the exception that plaintiff in error contends that a compliance with section 65, supra, required an election of the qualified and interested electors in each of the counties and districts involved. She further contends that since the alternative writ of mandamus also includes an alleged case against the superintendent of schools of Boulder county, there is a misjoinder of causes of action as well as of parties respondent, and in support of her motion for change of venue she makes the further contention that under section 28, of the Colorado Code of Civil Procedure, the county of Boulder is not the proper county in which this cause, as it relates to plaintiff in error, could be tried because she is an official of Gilpin county and not, for the purposes of this case, within the jurisdiction of the county court of Boulder county.

The record discloses, and it is not disputed, that there was a compliance with statutory section 61 supra by parents of the required number of children of school age who resided within the limits of the proposed new district to be formed from the two old districts in that they regularly and sufficiently petitioned the county superintendents of the two counties involved. Acting upon the petition so presented, the two county superintendents concluded that the school interests of the two districts affected would be best promoted by the change, and they directed the serving and posting of notice of a meeting at which the question of the proposed organization was

to be determined. It is significant that plaintiff in error, up to, and at this point of, the organization proceedings, by her action approved the proposed organization and joined with the other county superintendent in the performance of the ministerial duties required by statute.

Statutory sections 61 and 62, above mentioned, when read in connection with section 65, clearly provide that qualified electors residing within the limits of a proposed new school district are to be the only participants in a meeting to be held under the prescribed notice. It is equally clear that the first assembly is only a meeting of the electors within the proposed district and not an election. The only question to be determined after the assembly has been organized by the election of a chairman and secretary is whether or not the proposed district shall be organized, upon which the qualified electors assembled shall vote "yes" or "no." There is no statutory requirement as to the place of meeting to determine this question. In the present case the meeting place designated in the notice was "the school house of the town of Nederland, Boulder county," located in school district No. 18, one of the districts from which a part of the proposed district was to be formed. After organization of the meeting, a vote by ballot was taken on the question submitted with the result that more than two-thirds of the legal voters present and casting ballots were in favor of the organization of the proposed district, the vote being "yes," 211, and "no," 26. In compliance with the statutory provision, the secretary of the meeting transmitted a copy of the proceedings to the county school superintendents of the two counties, with the demand that they join in proceeding to establish and number the district and enter a record of same in accordance with the provisions of section 24, chapter 146, '35 C. S. A., which in brief is a requirement that county superintendents shall ascertain and keep a record of the boundaries of school districts. The two superintendents to whom a copy of the proceedings was transmitted; namely, plain-

tiff in error, Amanda Wagner of Gilpin county, and defendant in error, Charles E. Davis of Boulder county, refused or failed to comply with the demand that they establish the new district and this mandamus action was instituted upon the relation of the three persons duly elected directors at the meeting above mentioned. Charles E. Davis, superintendent of schools of Boulder county, appeared herein and submitted to the judgment of the court which was entered against him, and does not now contend further.

■ There is neither a misjoinder of causes of action nor of parties in this case, because the matters involved affect the two county superintendents in the same manner and require joint action on their part in the performance of a purely ministerial duty as required by statute. The pertinent part of section 65, supra, is, "The petition required by section 61 of this chapter shall be made to each county superintendent interested, *who shall unite in forming such districts.*" It is joint action only that is to be taken by the superintendents and any proceeding to force such action would necessarily be one to compel the action by either one or both to the end that they join in performing a ministerial duty. This mandamus action affects both superintendents in like character and capacity; it seeks to compel united action by both, and is not an attempt to remedy two distinct wrongs by two different persons in different capacities, and therefore is not a misjoinder of causes of action; it follows that there is no misjoinder of parties.

■ Plaintiff in error assigns error upon the order of the trial court denying her application for a change of venue to the county of Gilpin, of which she is county superintendent, and where she was served with process in this case. She relies upon section 28, supra, of the Code of Civil Procedure, which governs the place of trial of civil actions and is in part as follows:

"Actions for the following causes shall be tried in the county where the cause, or some part thereof arose, sub-

ject to the power of the court to change the place of trial.
* * * Second—Against a public officer or person espe-
cially appointed to execute his duties, for an action done
by him in virtue of his office * * * or for a failure to
perform any act or duty which he is by law required to
perform.''

It cannot successfully be contended by plaintiff in er-
ror that any part of this action did not arise in Boulder
county. The school districts involved are in both coun-
ties and therefore the action or ''some part thereof
arose'' in Boulder county. However, we conclude that
this proceeding is not controlled by the section of the
Code of Civil Procedure above mentioned and upon which
plaintiff in error relies, but is governed by code section
347 which is controlling in the matter of trial of man-
damus proceedings. Mandamus proceedings are special
in character and the writ may be issued by any court of
record or upon the order of any judge thereof. If answer
is made raising a question of fact, that issue may be
ordered tried before a jury and ''the question to be tried
shall be distinctly stated in the order for trial, and the
county shall be designated in which the same shall be
had.'' It thus appears that a court of record of any
county may take jurisdiction or in its discretion direct a
trial to be had elsewhere. It is clear that it was the legis-
lative intent that jurisdiction to issue mandamus writs
be vested in every court of record to the limit and extent
of its jurisdiction, and it is equally clear that it was fur-
ther intended that any such court, to which the applica-
tion is made, is to be left free in the exercise of its sound
discretion as to whether or not it is the proper court to
issue the writ and to further proceed after its issuance.
The trial court in this instance, and we think properly,
assumed and retained jurisdiction. It did not err in its
denial of the motion for a change of venue.

On the final question, that is, the matter of a
separate polling place in each school district affected, as
mentioned in section 65, supra, and which plaintiff in

error contends would be applicable to this case, we are of the opinion and hold, that that part of the section relates to a different situation than the one here presented, and that in the attempt to organize the proposed district, the petitioners sufficiently complied with the sections 61, 62 and 65, supra, and were and are entitled to the relief sought, and the judgment granting that relief is, therefore, affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.