Byron L. DORGAN, Tax Commissioner, Office of State Tax Commissioner, State of North Dakota, Appellee,

v.

LeRoy J. MERCIL and Mary E. Mercil, Appellants.

Civ. No. 9323.

Supreme Court of North Dakota.

July 1, 1977.

As Amended On Denial of Rehearing July 27, 1977.

LeRoy J. Mercil and Mary E. Mercil, pro se.

Robert W. Wirtz, Sp. Asst. Atty. Gen., Tax Dept., Bismarck, for appellee.

VOGEL, Justice.

This is an appeal from a judgment finding the appellants guilty of civil contempt in failing to comply with a writ of mandamus issued pursuant to § 57–38–47, NDCC, to compel the appellants to file a tax return complying with statutory requirements.

For the year 1975 the appellants filed, on the appropriate forms, what purported to be a North Dakota individual income tax return. It gave their names and address, number of exemptions claimed, stated that they were residents, and that their social security numbers had been "lost." Instead of inserting appropriate figures, they inserted zeros in the spaces calling for adjusted gross income, North Dakota taxable income, net tax liability, and balance of tax due. Beside each of these figures they put an asterisk, which referred to a statement "this figure is expressed in Constitutional Dollars of silver and/or gold." Beside the space for adjusted gross income they also placed a double asterisk which referred to a statement that "this means that specific objection is taken to the specific questions, on grounds of the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, & 16th Amendments, as to Federal Reserve notes."

The forms also bear the statement, "I offer to amend or re-file this return to exactly as you wish them, if you can show me how to do so without waiving my Constitutional rights."

The forms were signed and dated. Attached to the forms were more than fifty pages of miscellaneous reproductions of printed matter, including news stories, interviews, magazine articles, and the like.

The Tax Commissioner determined that the forms did not comply with statutory requirements and returned them to the appellants, pointing out lack of compliance with statutory requirements, including the requirement that a copy of the Federal tax return be attached. The appellants then filed another tax return form, containing substantially the same entries as before, plus the names of their children. To it was attached a Federal tax return form filled out in a fashion similar to the State form, but showing $900 estimated tax paid and a refund of $900 due.

After receipt of the second form, the Tax Commissioner applied to the district court of Burleigh County for a writ of mandamus to compel the filing of a proper tax return. Writs of mandamus are authorized by § 57–38–47, NDCC, when taxpayers have failed to file returns and the Tax Commissioner has ordered them to do so.

A hearing was held at which the appellants represented themselves without counsel. Attorneys for the Tax Commissioner offered to put a witness on the witness stand to show sufficient income of the appellants to require the filing of a tax return. After a colloquy between the court, counsel and appellants, the appellants stipulated that they had filed the two forms and the dates of filing. One of the attorneys for the Tax Commissioner then argued that there remained no issue of fact and that nothing remained to be considered except questions of constitutionality. The trial court agreed. No evidence was received to prove that the appellants' income was large enough to require a return. The appellants offered no facts, although given the opportunity to do so, and the court found that a writ of mandamus should issue. It was issued and, at a subsequent hearing before a different judge, the appellants were found guilty of violating the writ of mandamus and sentenced to confinement for civil contempt unless they sooner purged themselves of the contempt. This appeal followed.

During the argument in this Court the appellants for the first time urged that there was no factual basis for a determination that they were obligated by statute to file a tax return, i. e., that the Tax Commissioner did not prove they were required by law to file any tax return at all. They raised no such contention in the trial court, and no such contention is contained in the statement of issues upon appeal. Furthermore, they did not appeal from the order for the writ of mandamus, but appealed only from the judgment finding them in contempt.

Obviously, we have multiple reasons why we might sustain the finding of contempt. We could hold that the issue belatedly raised on oral argument is not properly before us since it was neither raised nor preserved in the trial court, nor was it stated in the briefs to be an issue.

Nevertheless, in view of the fact that the issue, even though imperfectly raised, is of fundamental importance, we will exercise our discretion by setting aside the finding of contempt and remand the case to the district court for a further hearing for a determination of the fact question of whether or not the appellants are legally obligated, under § 57–38–31, NDCC, relating to the duty of individuals and fiduciaries to make returns, to file a North Dakota individual income tax return for the year 1975.

It is so ordered, without prejudice to further proceedings for mandamus and with leave to dismiss if a North Dakota individual tax return complying with statutory requirements is filed.

ERICKSTAD, C. J., and PEDERSON and SAND, JJ., concur.

PAULSON, Judge (dissenting).

I dissent. I am unable to agree with the majority opinion in this case for the following reasons:

1. That the Mercils failed to appeal from the order of the writ of mandamus. By not appealing from such order within the time allowed by the North Dakota Rules of Appellate Procedure, their appeal is not before us. The appeal by the Mercils from the order of contempt has no legal effect on the order granting the writ of mandamus.

2. The Mercils both signed and filed a Form 37, the North Dakota Individual Income Tax Return. Their patent action is an admission of the filing requirement as provided in § 57–38–31, N.D.C.C.

The Mercils further conceded that the provisions of the income tax law were constitutional and they specifically waived any constitutional infirmities.

I would affirm the final order of contempt of the district court and dismiss the appeal.