Byron L. DORGAN, Tax Commissioner, Office of State Tax Commissioner, State of North Dakota, Petitioner and Appellee,

v.

LeRoy J. MERCIL and Mary Mercil, Respondents and Appellants.

Civ. No. 9323–A.

Supreme Court of North Dakota.

July 26, 1978.

Robert W. Wirtz, Sp. Asst. Atty. Gen., for petitioner and appellee.

LeRoy J. Mercil and Mary Mercil, pro se.

SAND, Justice.

LeRoy and Mary Mercil of Grand Forks, North Dakota, pro se, appealed from a Burleigh County district court judgment (order for writ of mandamus) commanding LeRoy Mercil to file a true and complete income tax return for the taxable year 1975 pursuant to the provisions of Chapter 57–38, North Dakota Century Code, and dismissing the proceedings against Mary Mercil. The Mercils also appealed from a Burleigh County district court order denying their motion for a change of venue.

This is Chapter II of *Dorgan v. Mercil*, 256 N.W.2d 114 (N.D.1977). In Chapter I we set aside a contempt order arising out of the Mercils' failure to comply with a writ of mandamus directing them to file individual income tax returns and remanded the matter to the district court to determine the fundamental question whether or not the Mercils were legally obligated to file a North Dakota individual income tax return for the year 1975.

On remand, the district court denied Mercils' motion for change of venue and, after a hearing, issued a writ of mandamus. The Mercils appealed pro se.

We do not believe that any rule or statute should be modified, altered, or applied differently merely because a party not learned in the law was or is proceeding pro se in a special proceeding, action at law or equity, or in an appeal.

Our review indicates that the principal issue on appeal is the denial of Mercils' motion for change of venue. The resolution of this issue may have a bearing on the other issues and therefore we will consider it first.

The Mercils, on appeal, contended and argued that they were entitled to a change of venue as a matter of law and because the district court denied their motion for change of venue from Burleigh County to Grand Forks County, their place of residence, the Burleigh County district court was without jurisdiction and consequently the writ of mandamus issued by the district court was invalid.

The Tax Commissioner of the State of North Dakota argued and contended that the question of venue was not properly before this Court and that, in any event, the proceedings were properly venued in

Burleigh County district court. The Tax Commissioner argued that § 57–38–47, NDCC, authorizes the Commissioner to petition "any judge of the district court" for a writ of mandamus, and in support thereof cited *Johnson v. Davis*, 140 N.W.2d 703 (N.D.1966), which had under consideration § 14–08–01, NDCC, which authorizes a married woman to bring an action in the district court for the county in which she resides. The married woman brought an action in the county in which she resided and on appeal the husband contended that the proceedings were not proper because § 28–04–05, NDCC, provided that actions shall be tried in the county in which the defendant resides.

The Court, in *Davis, supra,* determined that § 14–08–01, NDCC, gave the court jurisdiction and that the proceedings were proper. However, from a careful analysis of the case it becomes evident that it does not constitute authority for the argument presented by the Tax Commissioner because in the *Davis* case there was no motion made for a change of venue, as we have in this instance. While we are satisfied that § 57–38–47, NDCC, was designed to enable the Tax Commissioner to cope with situations as they may arise and that it confers jurisdiction upon any district court to entertain and grant a petition for a writ of mandamus on behalf of the Tax Commissioner to compel an individual to file an income tax return, if his income required it, it does not contain any direction for determining or establishing the venue if a motion for change of venue is made.

Significantly, Chapter 32–34, NDCC, entitled Writ of Mandamus, does not provide the venue in which the action is to be brought except as provided for in § 32–34–06, NDCC, under limited circumstances. This section sets up the procedure to be followed if an essential issue of fact is involved. It provides in part that if an essential issue of fact must be reviewed

". . . the court in its discretion may order the question to be tried before a jury, and may postpone the argument until such trial can be had and the verdict

certified to the court. The question to be tried must be stated distinctly in the order for trial, and the county must be designated in which the same shall be had. . . ."

As stated previously, this statute does not establish the venue for the initial application for a writ of mandamus nor does it contain any provision which would control where the issue of venue is raised. This section has limited application and comes into operation only if an issue of fact has been raised in a mandamus proceeding which needs to be determined.

■ A writ of mandamus, whether designated as a legal action or a special proceeding, involves a judicial determination in which due process must be met, including, among other things, proper notice as to time, place, and an opportunity to be heard, which, out of necessity, involves venue.

This presents the question: What law applies to the venue for writs of mandamus? More specifically, does Chapter 28–04, NDCC, pertaining to venue generally, apply to writs of mandamus when a motion for change of venue is made by the defendant?

The Mercils contended in the district court and on appeal that general venue statutes, particularly § 28–04–05, NDCC, applied.

The venue statutes under Chapter 28–04, NDCC, consistently refer to "an action" and not to a special proceeding. This, however, is not dispositive of the question. We believe that the denomination of a mandamus proceeding as a special proceeding rather than "an action" is important primarily in describing the scope and nature of the remedy provided by the writ of mandamus but not for the purpose of determining venue. [*McDonald v. State*, 86 S.D. 570, 199 N.W.2d 583 (1972).] South Dakota has substantially the same language in its venue statutes and, therefore, the reasoning of the South Dakota Supreme Court is persuasive.

Our research does not disclose any law expressing an exception or a clear implication that the general venue statutes do not

apply, nor has any been brought to our attention.

We have, however, found substantial authority that the general venue statutes apply to proceedings in mandamus. The Annotation in 102 A.L.R. 397, at page 398, states that:

"Proceedings in mandamus have been uniformly held to come within the terms of statutes relating to change of venue. *McBane v. People* (1869) 50 Ill. 503 ('civil cause'); *Woodworth v. Old Second Nat. Bank* (1906) 144 Mich. 338, 107 N.W. 905, 8 Ann.Cas. 310 ('civil action'); *State ex rel. Sharp v. Knight* (1930) 224 Mo.App. 761, 26 S.W.2d 1011 ('civil suit'); *Williamsport v. Com.* (1879) 90 Pa. 498 ('civil cause')."

See also, *McDonald v. State, supra; State ex rel. Starkey v. District Court of St. Louis County,* 206 Minn. 54, 287 N.W. 601 (1939), which involved a mandamus proceeding against public officials in which the court held that the general venue statutes in an action against public officers applied, which is substantially the same as the North Dakota provision found in § 28–04–03, NDCC. The same result was reached in *State ex rel. Hawley v. Industrial Commission,* 137 Ohio St. 332, 30 N.E.2d 332 (1940).

We found a case contra to the annotations. This is *Wagner v. People,* 101 Colo. 225, 72 P.2d 268 (1937). The Colorado court, in construing a statute similar or identical to § 32–34–06, NDCC, concluded that any court had jurisdiction of the subject matter to determine the question whether or not a writ of mandamus should be issued. But the Colorado court overlooked that this provision of law did not provide for the venue of the basic application for the writ of mandamus. This provision, as mentioned earlier in this opinion, applies only after an issue of fact has been raised. For this reason we do not believe that the Colorado case is persuasive.

Significantly, this Court in *Huber v. Wanner,* 62 N.D. 303, 243 N.W. 661 (1932), said that the right of a public officer to be tried in the county where the cause of action arose is absolute under § 28–04–03, NDCC, and that mere joinder of other parties does not deprive the public officer of that right.

The question of proper venue in a mandamus action pertaining to the Public Service Commission was presented to and considered by this Court in *Eckre v. Public Service Commission,* 247 N.W.2d 656 (N.D. 1976). This Court concluded that the mandamus action was properly venued in Burleigh County because the hearing on the application for a certificate of public convenience was held in Burleigh County and because any appeal from the administrative agency's decision pursuant to § 28–32–15, NDCC, would be to the district court of the county where the hearing or part thereof was held. The Court specifically held that the mandamus proceeding in Burleigh County was proper even though related eminent domain proceedings were instituted in Ransom and Richland Counties prior to the commencement of the mandamus action in Burleigh County. The result of this case is compatible with the provisions of § 28–04–03(2), NDCC.

Venue is an important, if not a necessary, factor in due process and applies equally to the institution of legal action as well as to proceedings, and in the absence of any other specific provision we conclude that Chapter 28–04, NDCC, applies to mandamus proceedings where a motion for change of venue has been made. This conclusion allows the Tax Commissioner to apply to any district court for a writ of mandamus by complying with §§ 57–38–46 and 57–38–47, NDCC, but after a motion for change of venue is made the provisions of Chapter 28–04, NDCC, apply. (In this respect, the applicant should take into account the venue statutes, Chapter 28–04, NDCC, in the initial application for a writ of mandamus to avoid unnecessary skirmishes.)

The Tax Commissioner, however, contended and argued that the remand was only for purposes of resolving the question whether or not the Mercils had sufficient income so as to require them to file an individual income tax return and for that

reason the motion for change of venue at the second hearing was improperly before the court. We do not believe this argument is persuasive.

■ This Court, in *Dorgan v. Mercil*, 256 N.W.2d 114 (N.D.1977), without limitation, remanded the case

". . . for a further hearing for a determination of the fact question of whether or not the appellants [Mercils] are legally obligated, under § 57–38–31, NDCC, relating to the duty of individuals and fiduciaries to make returns, to file a North Dakota individual income tax return for the year 1975."

This did not preclude the Mercils from presenting any pertinent issue or matters. Therefore, on remand the Mercils could raise any issue which could be properly raised, including a motion for change of venue.

■ The Tax Commissioner also contended that the change of venue motion had been made at the initial first hearing and was denied, and as such it was res judicata. In support of this argument, the Tax Commissioner pointed out that the district court, at the hearing on remand on 18 November 1977, in Bismarck, North Dakota, denied the motion for change of venue "because it was improper, untimely and res judicata."

The Mercils countered the Tax Commissioner's argument contending that the district court at the initial first hearing on 20 September 1976 never officially denied their motion for change of venue. The record at the first hearing on 20 September 1976 discloses that the Mercils were late, and the court, before their arrival, orally denied the motion for change of venue. After the Mercils arrived, the court stated to them:

"Now you are here, I will advise you of the ruling which I previously made in your absence. That is, I would permit the case to proceed here but also permit you to file briefs on the issue which you raise on the question of the legality of the State's requiring you to file . .."

The court also stated that under the circumstances the application for writ of mandamus was one of law rather than a question of fact.

The record before us, however, discloses that no written order of the oral ruling of the trial court denying the motion for change of venue at the first hearing was made. Neither was a written order entered or served upon the Mercils. (The trial court at the second hearing, based on the arguments presented, may have formed an erroneous impression that a written order had been entered and served upon the Mercils.)

In the first case the Mercils appealed from the civil contempt order and were successful in having it set aside. They did not appeal the writ of mandamus nor was it necessary for them to appeal the denial of the motion for change of venue to preserve the issue under these circumstances. The denial of the motion for a change of venue was not in proper written form, nor was it entered and served, and as such was not "ripe" for appeal, and therefore the time for appeal has not expired. The question whether or not the time for appeal of the denial of a motion for change of venue at the first hearing had expired is settled by our decision in *State v. Stokes*, 240 N.W.2d 867 (N.D.1976), which held that due to the failure to serve notice of entry of a judgment, as required by Rule 36, North Dakota Rules of Appellate Procedure, the 60-day period for appeal under Rule 4(a), NDRAppP, did not begin to run. Service of notice of entry necessarily implies that the instrument, whether it is an order or a judgment, must be in writing so as to make it capable of being entered. See also, *Dobler v. Malloy*, 190 N.W.2d 46 (N.D.1971), which, among other things, held that an appealing party may waive service of written notice but need not do so. However, this is not involved in this case.

We conclude the time for appeal of the oral denial of the motion for change of venue has not expired for the reasons stated earlier herein. While the Mercils could have resorted to means making the oral

denial ripe for appeal, they were not required to do so as a matter of law. Be that as it may, the Mercils appealed the perfected denial of their motion for change of venue in the second hearing which produces the same result. The appeal on the second motion was within the proper time frame and the question was not res judicata.

We also conclude that the motions for change of venue at the first and second hearing complied with the provisions of § 28–04–06, NDCC, and were properly made.

We further note that the Mercils took a precaution after the court denied their motion for change of venue. They, through Mr. Mercil, asked that if by participating through cross-examination of witness ". . . do we waive any rights to anything at all?", and stated:

". . . I would like a stay of the appeal.

"THE COURT: What?

"MR. MERCIL: A stay of the proceedings, until we can get those glaring factors cleared up, which court they are with."

After a further discussion, the court said:

"What I am trying to suggest to you is that the fact I have denied your change of venue and the fact you have continued to participate in these proceedings will not operate to your prejudice, if that answers your question."

Having reached the conclusion that the motion for change of venue at the second hearing was properly made and that the general statutes on venue, Chapter 28–04, NDCC, apply, we now determine whether or not the motion should have been granted or denied.

In *American State Bank of Dickinson v. Hoffelt*, 246 N.W.2d 484 (N.D.1976), *Summers v. Summers*, 74 N.D. 741, 24 N.W.2d 688 (1946), and *Springer v. Paulson*, 72 N.D. 560, 9 N.W.2d 440(43), this Court held that the defendant had an absolute right to have an action tried in the county of his residence. The Mercils established,

and the record clearly reflects, that they have a residence in Grand Forks County.

We conclude that the trial court erred in denying the motion for change of venue to Grand Forks County. For the reasons stated here, the case is remanded to the trial court for the purpose of entering an order for change of venue to Grand Forks County.

Because of the conclusion reached, it is not necessary that we consider the question whether or not the writ of mandamus was properly issued. Nor need we consider at this time the constitutional questions raised. Some of the items raised, however, would come into operation only if the State were to proceed criminally against the Mercils. If that were to happen, whatever constitutional questions that may arise will have to be considered at that stage.[1]

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.

1. *United States v. LaSaile National Bank*, —— U.S. ——, 98 S.Ct. 2357, 57 L.Ed.2d 221, 1978.